LIVERPOOL AND LONDON AND GLOBE INSURANCE CO. *v.* JONAS H. COCHRAN.

1. FIRE INSURANCE.  *Application.   False statement of ownership.*
    Where, in a written application for fire insurance, the applicant stated that he was the sole and unconditional owner of the building, when in truth he owned only an undivided one-half interest therein, the insurance is void, although the co-owner had verbally promised the applicant to convey to him upon payment of a sum of money, and had removed from the property.

2. SAME.  *Question of title.*
    Such a misstatement is not within the rule that courts will not, in suits upon fire insurance policies, scrutinize with critical nicety mere questions of title.

3. SAME.  *Sincerity.*
    The sincerity of an applicant who makes a false statement of an essential fact in his application for fire insurance will not relieve from the consequences of such misstatement.

FROM the circuit court of Lauderdale county.

HON. G. Q. HALL, Special Judge.

Cochran, appellee, was the plaintiff in the court below; the insurance company, appellant, was defendant there.

C. A. Huddleston, W. S. Huddleston, W. L. Ellis and S. B. Cooper were the owners of a college building in Daleville, Mississippi. Ellis and Cooper verbally agreed with the Huddlestons that upon the payment to them of a sum of money they would convey their interest to the latter, and, upon the Huddlestons promising to make the payment, ceased to occupy the property. Afterwards the Huddlestons made application to appellant company for insurance on the house, stating therein that they were the sole and unconditional owners of the property. The house was destroyed by fire, and thereafter the Huddlestons transferred and assigned to appellee, Cochran, their right in and to the policy. Cochran sued thereon, and obtained judgment in the circuit court, from which the insurance company appealed to the supreme court.

*Miller & Baskin,* for appellant.

The assured made a written application, of date March 5, 1897, in order to obtain the policy here sued upon, and it is provided therein that such application should be considered as a part of the contract and a warranty by the assured; and any false representations by the assured of the condition, situation or occupancy of the property, or any omission to make known every material fact as to the risk, or any misrepresentation whatever, either in the written application or otherwise, should render the policy void: and that if the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property, the policy should be void.

The undisputed testimony shows that J. H. Cochran, appellee, and others conveyed the property to the assured, and to Ellis and Cooper, in 1893, or prior to the date of the application herein.

The assured, however, undertook to avoid this, by showing that Ellis and Cooper made some verbal agreement by which they surrendered their interest to the assured, the Huddlestons, the latter agreeing, after paying off an incumbrance, to pay Ellis and Cooper the amount that they had previously paid on the property. Objection was made that title to realty could not be shown by oral agreement, and hence the title was still in Ellis and Cooper as well as in the assured.

Relying upon the cases of *Kelly* v. *Wagner,* 61 Miss., 299; *McAllister* v. *Mitchner,* 68 Miss., 672, and *Darling* v. *Butler,* 10 L. R. A., 470, the court below allowed this testimony as to the oral agreement to go to the jury. This was error. *The Cooperative Association* v. *Leflore,* 55 Miss., 1; *Planters' Insurance Co.* v. *Myers,* 55 Miss., 479; *Skinner* v. *Norman,* 46 N. Y. Supplement, page 65.


*Cochran & Bozeman,* for appellee.

The defense set up by the appellant that the assured were not the sole, unconditional, entire and undivided owners of the property is without merit. It is based upon the alleged answer of Huddleston to a question in the application for insurance, and on a statement in the policy to the effect that if the interest of the assured in the property was not truly stated, it should be void, and that if the interest of the insured in the property be any other than the entire, unconditional and sole ownership of the property for the use and benefit of the assured, then the policy should be void. A comparison of these different phrases must satisfy anyone that these fine print clauses in the policy are never intended to be read and understood by the assured, for there is no one, even a lawyer, who can take these phrases on the subject of ownership and tell exactly what, if any, difference there is between them, or tell what they all combined mean. The statement called for by the question in the application, when considered by itself, might lead to the supposition that it did not make any difference for whose benefit the use and owner-

ship existed, while the statement in the fourth clause of the policy would lead to the belief that it is utterly immaterial about the title to the property, or about the interests other parties might have in the title, provided the ownership of the assured was for his sole use and benefit. We submit, however, that if these fine print clauses are not meant to catch the unwary and mislead the simple, if they are parts of a fair and *bona fide* contract, yet when taken together they are simply intended to require such an owership on the part of the assured as would give the company the assurance of such self-interest as would restrain him from burning the property, and that it is utterly immaterial to the insurance company whether he had any perfect paper title, extending back to the government, or whether the legal title was in some other person, provided his ownership was for his use and benefit, and not for the use and benefit of another, so that in case of its destruction by fire the assured would sustain the loss. The ownership of C. A. and W. S. Huddleston in the property insured is fully and clearly explained in the testimony.

It is clear, from the facts, that neither Ellis nor Cooper could have maintained any sort of suit against C. A. and W. S. Huddleston by which either party could have obtained a division of the property between them, and so we insist that the Huddlestons were the undivided owners of the property. *Liverpool, London & Globe Ins. Co.* v. *William McGuire,* 52 Miss., 227; *Phenix Ins. Co.* v. *Bowdre,* 67 Miss., 620; *Insurance Co.* v. *Staats,* 102 Pa., 529; *Insurance Co.* v. *Daugherty,* 102 Pa., 568; *Insurance Co.* v. *Erb,* 112 Pa., 149; *Insurance Co.* v. *Dyches,* 56 Texas, 573; *Haugh* v. *Insurance Co.,* 29 Conn., 10; *Gaylord* v. *Insurance Co.,* 40 Mo., 15; *Swift* v. *Insurance Co.,* 18 Vt., 305; *Petton* v. *Insurance Co.,* 77 N. Y., 605; *Rumsey* v. *Insurance Co.,* 17 Blatchf., 527; *Martin* v. *Insurance Co.,* 44 N. J. Law, 490; *Barham* v. *Insurance Co.,* 25 Iowa, 328, 235.

WOODS, C. J., delivered the opinion of the court.

That the insured were not the unconditional and sole owners of the property when the application for insurance was made, and the policy of insurance was issued, is perfectly plain on the evidence offered by the plaintiff himself. They were the owners of an undivided half interest in the property, and they had neither the legal nor equitable title to the other undivided half interest.

Whatever opinion the person who made the application may have sincerely entertained, the verbal agreement, whereby the owners of the other undivided half interest undertook to convey their interest to their other two co-owners on repayment by the latter to the former of whatever sums had been paid by the former to their vendors, conferred no title, legal or equitable, the conditional agreement never having been executed by the parties to it beyond the mere cessation of the co-owners to use and occupy the property.

While it is true that in construing contracts of this character, courts will not scrutinize with critical nicety the mere question of title, yet where it clearly and indisputably appears that the insured owned only an undivided half interest in the property sought to be insured, while in their application for insurance it was stated by them that they were the sole and unconditional owners of the property, courts will not, and cannot, shut their eyes to so glaring a misstatement of an essential fact, however sincerely made.

Entertaining this opinion on this point, we think it unnecessary to go further into the case. The verdict should have been for the defendants, as no other could have, properly, been allowed to stand on the transcript before us. The court, therefore, might and should have given a peremptory charge for the defendant, if the same had been asked.

*Reversed and remanded.*