MORRIS ROSENSTOCK, EXR., *v.* MISSISSIPPI HOME INSURANCE COMPANY.

1. FIRE INSURANCE. *Ownership. Vendor and vendee.*

A vendor who admits his vendee into possession of real estate and receives from him a large payment on the purchase money, is not the sole and unconditional owner within the terms of a fire insurance policy stipulating that it shall be void if the insured is not such owner, though he retains the legal title under an agreement to convey it on the full payment of the purchase money.

2. SAME. *Time of ownership. Issuance of policy.*

The condition of a policy of fire insurance that the same shall be void if the insured is not the sole and unconditional owner of the property relates to ownership at the issuance of the policy.

3. SAME. *Estate as beneficiary. Issuance without application.*

Where a fire insurance policy stipulates that the same shall be void if the insured is not the sole and unconditional owner of the property, and at the issuance of the policy the vendee of the decedent whose estate is the beneficiary had been admitted into possession and made a large payment on the purchase money, the policy is void, although no application had been made for the same and the decedent had taken out policies on the property for other years in his lifetime.

FROM the circuit court of Washington county.

HON. A. McC. KIMBROUGH, Judge.

This was an action brought by the appellant, Morris Rosenstock, executor of M. Rosenstock, deceased, against the appellee, the Mississippi Home Insurance Company, on its policy of insurance against fire, dated September 3, 1903, in favor of the "estate of M. Rosenberg," containing a stipulation that the same should be void "if the insured is (were) not the sole and unconditional owner of the property." The property, a storehouse, was totally destroyed by fire on December 28, 1903, and this suit was thereafter instituted on the policy by the

executor. The defendant insurance company pleaded in avoidance of the policy that (by reason of the contract hereinafter set out) neither the decedent M. Rosenberg nor his estate was the sole and unconditional owner of the property when the contract of insurance was entered into, upon which plea issue was joined. On December 26, 1900, the decedent had entered into the following contract of sale of the storehouse in question:

"For and in consideration of the sum of two hundred dollars cash in hand paid me by Ben Tee, and for the further consideration of thirty-two notes, $25 each, dated Jan. 1st, 1901, and due and payable the first of each month until paid, notes bearing interest at the rate of 6 per cent per annum, and making the total consideration of $1,000 (one thousand dollars), I, M. Rosenberg, hereby agree to sell unto said Ben Tee the following property, being in the town of Glen Allan in Washington county, Mississippi, to wit [here giving a description of the lot], with all and singular the appurtenances thereto belonging. It is hereby agreed that when all notes are paid by said Ben Tee said Rosenberg is to give said Tee a deed and title to said storehouse. It is hereby agreed that said sale is subject to the lease of said storehouse now owned and occupied by J. Harber & Co. Given under my hand this 26th day of December, 1900. (Signed) M. Rosenberg."

Ben Tee, the vendee of the decedent, paid $200 in cash to the decedent on this contract and went into possession of the property in June, 1901, and has remained in possession ever since. Afterwards, before the fire, he paid $425 more of the purchase money. The property was originally insured by the decedent and renewals sent to him from year to year during his lifetime. After his death the policy in suit was issued and mailed to his executor. The insurance company was entirely without notice of the existence of the contract of sale and of the possession of the property by Tee under the same until after the fire. No demand was then made on the decedent by the

insurance company for any information as to the premises, the title thereto or the occupant thereof.

The court below gave a peremptory instruction for the defendant, and from the judgment in its favor the plaintiff appealed to the supreme court.

*William Griffin,* for appellant.

The policy was payable to the "estate of M. Rosenberg" irrespective of title, interest, or occupancy. All persons interested in the estate undoubtedly have insurable interest in the property of the estate until final distribution. The executor is merely the medium to collect the policy for the benefit of the estate. It is not pretended that the executor made any representations whatsoever to appellee; on the contrary, it is expressly agreed "that after Rosenberg's death the policy in suit was issued as therein shown, and mailed to Morris Rosenberg, and this is all that occurred in connection with the issuance of the policy;" also that no demand was ever made on the executor by appellee for any information as to the title or occupancy of the premises.

So far as the evidence discloses, the executor may not have known of the existence of the policy until it was received by him, through the mail, and he was called upon to pay the premium, which he did.

The facts that Ben Tee was in possession of the premises at the time of the death of Rosenberg and the expiration of the old policies, and that the contract sued upon was executed after the death of Rosenberg, and in any event looked to the future and not to the past, and was a new contract in every particular, were disregarded.

Under the agreed facts in this cause, the appellee, when it executed the policy in suit and received a premium therefor, expressly waived all conditions as to the "title to the property" and the "sole and unconditional ownership thereof" which may

have existed anterior to its execution, and this seems to be well settled by the text writers and decisions.

"It may be stated as a general rule that if there is no written application, and the company issues a policy without one, or without any written request, or without any representation, oral or written, the policy may be assumed to have been written upon the knowledge of the company or its agent, and in such case the company cannot, after a loss, set up that the interest or the title of the assured is other than that evidenced by the policy." 1 Joyce on Insurance, sec. 496. See also 1 Wood on Insurance, p. 409; *Morrison's Admr.* v. *Insurance Co.,* 59 Am. Dec., 299, and notes; *Armenia Ins. Co.* v. *Paul,* 36 Am. Rep., 676.

"A condition in a policy of insurance that the policy shall be void unless consent in writing is indorsed thereon by the company, if the assured is not the sole and unconditional owner of the property, relates only to changes arising after the execution and acceptance of the policy, does not apply to an existing state or condition of the property at the time when the policy was issued." *Hall* v. *Niagara Fire Ins. Co.,* 32 Am. St. Rep., 497; *Peet* v. *Dakota F. & M. Ins. Co.,* 47 N. W., 532.

"A fire insurance policy which provides that it shall be void if the interest of the assured be other than unconditional and sole ownership, issued on a dwelling to one who holds the land under contract only, is not void where he made no written application and no representations as to the ownership." *Knop* v. *National Fire Ins. Co.,* 59 N. W. Rep., 653; 16 Am. & Eng. Enc. Law, p. 936, Par. C. and note 1, p. 937.

The case of the *Georgia Home Ins. Co.* v. *Holmes,* 75 Miss., 390, ought to be decisive of the question.

But under the facts of this case, even though the loss had occurred in the lifetime of Rosenberg, or under any of the policies in force at his death, the contract of sale would not have worked a forfeiture, either as an alienation of the prop-

erty or its sole and unconditional ownership, under those decisions which are said to be the sounder doctrine, in the light of modern jurisprudence, and which are certainly more in consonance with justice, when the nature of the contract is taken into consideration.

"An executory contract for the sale of the insured property is not a 'sale,' 'transfer,' 'alienation,' or 'change of title' so as to avoid the policy so long as there has been no conveyance or delivery under the contract. While the purchase money is unpaid, and the property is in the possession of the insured, or the title is in him, such a contract is similar to any other incomplete transfer in its effect upon the conditions of the policy."

"If the vendee takes possession under the contract, and makes payments, acquiring an equitable title, it has been held that there is a change of title within the meaning of the condition; but this is contrary to the general rule." 13 Am. & Eng. Enc. Law, pp. 247, 248, and cases cited, especially *Smith v. Phoenix Ins. Co.*, 25 Am. St. Rep., 191.

The execution of the policy in this suit was entirely in the hands of the appellee. It selected the "estate of M. Rosenberg" as the beneficiary, and necessarily agreed to pay all persons interested in said estate the full amount of the policy, in event of a total loss, regardless of the conditions contained in the policy, now relied upon to defeat it. It accepted the policy subject to the law governing estates, and contracted to indemnify said estate for the consideration named in the policy in the event of loss. It expressly waived the conditions relied upon in so making the contract. It expressly recognized the various interests arising under the administration of an estate, and agreed to protect these interests.

*Thomas & Rose,* for appellee.[*]

On the 3d day of September, 1902, appellee issued its policy

[*] The briefs of appellee's counsel are published in full by order of the court.

of insurance to the "estate of M. Rosenberg," insuring a store-house for a term of one year.    On December 26, 1900, M. Rosenberg executed a contract of sale for the storehouse, and the lot on which it stood, to Ben Tee, for $1,000, a copy of the contract being set out in the agreed statement of facts.    The purchaser paid $200 in cash, as provided by the contract of sale, went into possession under the contract in June, 1901, and continued in possession under the contract of sale until the destruction of the store, and is still in possession under the contract.    The contract of insurance provides, among other things, that, if the insured is not the sole and uncondi-tional owner, the policy shall be void.    Under the agreed state-ment of facts, the "issues are raised by the pleadings;" that no notice of any kind was given appellee of the execution of the contract; that it had no notice of any kind of the existence of the contract, or the possession of the property by Ben Tee under the contract, until after the fire that destroyed the property, and soon after the fire, and before suit brought, appellee noti-fied plaintiff that it regarded the policy as void, denied its lia-bility thereunder, and tendered and offered to pay back to plain-tiff the premium which had been paid for the policy, which the plaintiff refused to receive.

This brief is directed to the question raised by the plea to the declaration, wherein it is alleged that, under the terms of the policy, it was to be void if the assured were other than the "sole and unconditional" owner, etc.    The policy contains con-ditions against "alienation," "sale," "transfer," and, in addi-tion thereto, the provision making it void if the assured is not the "sole and unconditional owner."    This is emphasized be-cause the courts make a broad distinction, and contracts which have been held not invalid as against the prohibition of "aliena-tion," "sale," or "transfer" have been held to be within the pro-hibition of "sole and unconditional ownership."    All of the authorities, with one exception, which we have been able to

examine, uphold the doctrine that a vendor in a land contract, who has admitted the vendee into possession, is not the sole and unconditional owner, although he retains the legal title. 13 Am. & Eng. Enc. (2d ed.), 235, and note 5; *Hamilton* v. *Ins. Co.,* (Mich.), 57 N. W. 735, 22 L. R. A., 527; *Ins. Co.* v. *Boulden* (Ala.), 11 South., 771; Am. Dig., 1897, p. 2805, sec. 118 (a-e); *Syndicate Ins. Co.* v. *Bohn* (C. C. A.), 65 Fed., 165, 27 L. R. A., 614; 1 May on Ins., p. 601, sec. 287c; Am. Dig. 1897, p. 2815, sec. 118 (a-e); Cent. Dig., vol. 26, p. 1240; Ostrander on Ins. (dd ed.), pp. 269, 270. It is not the vendor, but the vendee, under the contract of sale, in possession, who is the sole and unconditional owner. Ostrander on Fire Ins. (2d ed.), p. 232, sec. 72.

On September 3, 1902, when the policy was issued, and thereafter, Ben Tee was in possession under a valid existing contract of purchase, which he could enforce, and which was enforceable against him. Ben Tee could insure as the unconditional, absolute and sole owner—as the owner in fee simple— while Rosenberg, or his estate, was only the holder of the legal title in trust for Ben Tee, having a lien thereon for such balance as might be due. Rosenberg's interest was not unconditional. It was a conditional ownership, not individual or sole, but fiduciary or dual. The exact question was before the court in *Hamilton* v. *Insurance Co.* (Mich.), 57 N. W., 735, 22 L. R. A., 527; the court deciding that the vendor in the existing contract of the sale has not the "sole and unconditional ownership," and adding that "the point appears too clear to justify elaborate discussion." And in the same case the court says: "We may therefore agree with counsel that a vendee is, by these decisions, an owner, under this clause [the clause of sole and unconditional ownership], though the vendor may hold legal title to insure performance of the contract. And it would seem to logically follow that the vendor is not such owner, and our attention is not called to any case where the vendor has

been held to be such." The condition is reasonable and valid, and a violation of it will prevent recovery. And .a failure to disclose the real state of the title will be fatal, although the insured was not questioned as to that fact. 1 May on Ins. (4th ed.), sec. 287a. The condition relates to ownership when the policy is issued. 28 Cent. Dig., p. 1223, sec. 602, pars, "m," "q." That condition relates to ownership when the policy is issued, and not to changes arising after its execution, as contended by appellant, and that it is a reasonable condition has been directly settled by this court in *L. & L. & G. Ins. Co.* v. *Cochran,* 77 Miss., 348, 26 South., 932, 78 Am. St. Rep., 524. The case of *Peet* v. *Dakota Ins. Co.* (S. D.), 47 N. W., 532, cited by appellant, is not at all in point; and the cases of *Hall* v. *Niagara Fire Ins. Co.* (Mich.), 53 N. W., 727, 18 L. R. A., 135, 32 Am. St. Rep., 497, and *Knop* v. *Insurance Co.* (Mich.), 59 N. W., 653, cited by counsel, were both cases where the action was by the vendee in the contract of sale, the beneficiary owner, not by the vendor.

The policy itself, containing, as it did, the contract that it should be void if the assured was not the sole and unconditional owner, was a pointed inquiry of the assured whether that interest was the sole and unconditional ownership of the property described, and the assured's silence and acceptance of the policy was the answer. The policy itself was notice to the assured that the company deemed the assured's interest that of unconditional ownership; that it assured against loss to that extent only; that it expressly excluded every interest from the insurance, unless the assured immediately notified it that there was a different interest, and procured a written consent thereto. The silent acceptance of the policy by the assured closed the contract, and bound the assured to the agreement tendered by the policy, that every other interest but that of unconditional ownership was excluded from the promised indemnity. This is the language of the court in *Columbian Ins. Co. of Alexan-*

*dria* v. *Lawrence;* 2 Pet., 25, 49, 7 L. Ed., 335, 344; *Waller* v.
*Northern Assurance Co.* (C. C.), 10 Fed., 232; *Collins* v. *St.
Paul Fire & Marine Ins. Co.,* 44 Minn., 440, 46 N. W., 906;
*Lasher* v. *St. Joseph Fire & Marine Ins. Co.,* 86 N. Y., 423,
427; *Weed* v. *London & L. F. Ins. Co.,* 116 N. Y., 113, 22 N.
E., 229; *Diffenbaugh* v. *Union F. Ins. Co.,* 150 Pa., 270, 24
Atl., 745, 30 Am. St. Rep., 805; *Fuller* v. *Phoenix Ins. Co.,*
61 Iowa, 350, 16 N. W., 273; *Waller* v. *Northern Assur. Co.,*
64 Iowa, 101, 19 N. W., 865; *Mers* v. *Franklin Ins. Co.,* 68
Mo., 127, 132; *McFetridge* v. *Phenix Ins. Co. of Brooklyn,* 84
Wis., 200, 54 N. W., 326; *Henning* v. *Western Assur. Co.,* 77
Iowa, 319, 42 N. W., 308; *Liberty Ins. Co. of New York* v.
*Boulden,* 96 Ala., 508, 11 South., 771; *Pelican Ins. Co.* v.
*Smith,* 92 Ala., 428, 9 South., 327.

Counsel for appellant discusses at some length what he terms
the first policy issued to M. Rosenberg in his lifetime by appel-
lee, but the only issue tried, and the only issues before
the lower court were those raised by the pleadings, the
agreed statement of facts showing "that the issues are as
raised by the pleadings," and the plea alleges that plaintiff
was not the sole and unconditional owner, etc., and issue
was joined on that plea, so that the question was simply
one of law, on the issue joined in this plea and the admitted
facts shown by the agreed statement.    The view of the court
below was that, under the pleadings and admitted facts, the
assured did not have that "sole and unconditional ownership"
required by the policy, but that the ownership — the beneficial
interest — was in Ben Tee, the assured holding the bare naked
legal title.

It was urged below, and insisted on by counsel for appellant
in his brief, that the defense is purely technical, but this is not
correct.    The "moral risk" is as carefully scrutinized, if not
more so, than the physical one.    Appellee may have been quite
willing to insure property of M. Rosenberg, or property belong-

ing to his estate, and unwilling to insure the same property belonging to Ben Tee. And the moral risk is always carefully scrutinized in those states having a valued policy law. The contract is neither unjust, unreasonable, nor unfair. It rests upon sound business policy —"a policy founded in reason and in accord with an enlightened policy; the policy of reducing the moral hazard to which the underwriter is exposed. Moral hazard in assurance is but another name for pecuniary interest in the property to burn."

We respectfully submit that the judgment should be affirmed.

*Dabney & McCabe,* on the same side.

It is our purpose only to make a few suggestions supplementary to the brief filed by associate counsel.

The property was insured for $750, and that is the amount demanded in this case. The lot and house together had been previously sold by insured's testator for $1,000, evidenced by a contract to make title on the payment of the whole amount of the purchase money. Two hundred dollars of this amount was paid in cash, and $425 of it was subsequently paid before the fire, making $625 of the purchase money actually paid at the time of the loss, leaving a balance of only $375 remaining unpaid. If the plaintiff is allowed to recover in the action, it would seem that he was entitled to recover the whole $750, notwithstanding his interest in the property, including the lot upon which the house stood, which, of course, is not embraced in the policy, is only $375. The courts, we believe, always recognize the justice of the provisions in insurance policies against incumbrances and failure of title, because the provisions are meritorious and are necessary for the protection of the insurance companies against frauds and impositions. It is not pretended that the insurance company had any notice of this contract of sale. If the plaintiff in this case is entitled to recover under the existing conditions, he would have been enti-

tled to recover had all the purchase money, save the last $25 note, been paid. A bare statement of this case on its face seems to be sufficient to condemn the plaintiff's demand. This court has held in *L. & L. & G. Ins. Co.* v. *Cochran,* 77 Miss., 348, 26 South., 932, 78 Am. St. Rep., 524, that a person holding a half interest in the property would not be entitled to recover, where there was no notice to the insurance company. That being the case, how can it be said that a person owning less than four-tenths of the houses and lot combined, and probably less than one-sixth of the buildings which were destroyed, can recover? The case cited by associate counsel of *Hamilton* v. *Dwelling House Ins. Co.,* 98 Mich., 535, 57 N. W., 735, 22 L. R. A., 527, seems to be exactly in point. See, also, *Barnard* v. *Nat. F. Ins. Co.,* 27 Mo. App., 26; *Harness* v. *Nat. F. Ins. Co.,* 62 Mo. App., 245. See, also, *Rathmell* v. *Aurora F. Ins. Co.,* 38 Wkly. Notes Cas., 356.

Property partly owned by another, or subject to a lien, falls within the terms of the policy. *Ger.-Am. Ins. Co.* v. *Paul* (Ind. T.), 53 S. W., 442. See, also, *Liberty Ins. Co.* v. *Boulden,* 96 Ala., 508, 11 South., 771; *Hubbard* v. *N. B. & M. Ins. Co.,* 57 Mo. App., 1. Suppose it to be said that the proof does not sustain the plea setting up that the plaintiff was not the sole and unconditional owner of the title. Other pleas set up that there was a lien or incumbrance on the property. The language of the policy is: "Or if the insured is not the unconditional and sole owner of the property; or if there be any lien or incumbrance on the property, either from judgment, attachment, mortgage, deed of trust, vendor's lien, or otherwise, of which notice shall not have been given," etc., the policy shall be thereby avoided. It has been held in this state — what to our minds is manifestly sound — that the relations of vendor and vendee in a contract of sale are those of mortgagee and mortgagor. *Strickland* v. *Kirk,* 51 Miss., 795. Quoting from *Tanner* v. *Hicks,* 4 Smed. & M., 300, it is said: "The retention of

title by the vendor upon a sale is, in effect, the same thing with conveying a title and taking a security by mortgage." *Id.* Again: "As we have seen, the vendor is treated by the courts as mortgagee. His retention of the title operates as an equitable mortgage, which is of equal import as an ordinary mortgage. They are alike in this essential: That both are securities for a debt. The doctrine of modern times, which is tending to almost universal acceptance, is that the mortgagor is the real owner of the land, and from him it is transmissible by descent, devise, or conveyance, and that the interest of the mortgagee is only regarded as real estate so far as may be necessary to give him the full benefit of his security. The mortgage is a burden and lien imposed upon it as security for the debt. The debt is the principal, the mortgage is the incident." *Strickland* v. *Kirk,* 51 Miss., 798, 799.

Hence we say that, on all three of the pleas filed in this case, the judgment of the lower court should be sustained.

WHITFIELD, C. J., delivered the opinion of the court.

M. Rosenberg, appellant's testator, on the 26th of December, 1900, executed a contract of sale for the storehouse, and the lot on which it stood, to Ben Tee for $1,000, a copy of which the reporter will set out. The purchaser paid $200 in cash, and went into possession under the contract in June, 1901, and subsequently paid $425 before the fire, which occurred on the 28th of December, 1902. The purchaser had thus paid $625 of the $1,000 before the fire. He continued in possession under the contract of sale until the fire, and is still in possession. On the 3d day of September, 1902, after the death of M. Rosenberg, appellee issued the policy of insurance in this case, making the loss payable to "the estate of M. Rosenberg." The contract of insurance provides that, "if the insured is not the sole and unconditional owner of the property, the policy shall be void." Counsel agreed that "the issues are as raised by the pleadings; that no notice of any kind was given appellee of the execution

of the contract for the sale of the land; that it had no notice of any kind of the existence of the contract, or of the possession of the property by Ben Tee under the contract, until after the fire." The court gave a peremptory instruction for the defendant upon the ground that the insured was not, at the time of the execution of the policy, the sole and unconditional owner of the property. Upon this state of case, we say:

1. That the vendor in a written land contract, who has admitted the vendee into possession, and received from him large payments on the purchase money, is not "the sole and unconditional owner," within the meaning of that clause in this policy, although he retains the legal title. In *Strickland* v. *Kirk,* 51 Miss., 795, it is said: "The vendor is treated by the courts as mortgagee, and his retention of the title operates as an equitable mortgage." The case of *Hamilton* v. *Ins. Co.* (Mich.), 57 N. W., 735, 22 L. R. A., 527, is decisive of this point and of this case. Ben Tee was the equitable owner of this property destroyed by fire. The vendor was a mere trustee of the legal title, to be conveyed upon the payment of the purchase money. See *L., L. & G. Ins. Co.* v. *Cochran,* 77 Miss., 348, 26 South., 932, 78 Am. St. Rep., 524, and also the careful collection of authorities in the very able brief of counsel for appellee, which we direct the reporter to publish in full on account of its excellence. In the case of *Hamilton* v. *Ins. Co.,* *supra,* the authorities are very fully collected and very carefully reviewed. The cases of *Hoose* v. *Ins. Co.,* 84 Mich., 309, 47 N. W., 587, 11 L. R. A., 340, and of *Hall* v. *Niagara Falls Ins. Co.,* 93 Mich., 184, 53 N. W., 727, 18 L. R. A., 135, 32 Am. St. Rep., 497, are accurately differentiated. It is pointed out that in the *Hoose Case* the language of the policy was "to insure Mrs. Margaret Hoose to the amount of one thousand dollars on the two-story building," etc., and that it was clearly the intention to insure only the interest of the applicant, whatever it

might be.    Here the clause expressly stipulates that the insured is the sole and unconditional owner.

2. This condition relates to ownership when the policy was issued.    We decided this in *L. L. & G. Ins Co.* v. *Cochran,* 77 Miss., 348, 26 South., 932, 78 Am. St. Rep., 524, and this is undoubtedly the correct rule.    See 28 Cent. Dig., p. 1223, sec. 692, pars. "m," "q."    The case cited by learned counsel for appellant do not support his contention on this proposition. Even if reference be had to the fact that Rosenberg had taken out other policies of insurance on this property for other years in his lifetime, and that this one was taken out after his death, and even if it be true that no application was ever made, nevertheless the fact that this policy contains this clause expressly, on its face, makes this policy void, under the facts in evidence. In *Syndicate Ins. Co.* v. *Bohn,* 65 Fed., 165, 12 C. C. A., 531, 27 L. R. A., 614, Sanborn, J., speaking for the court, said: "It is contended that the contracts in these policies which exclude the Bohns from insurance under them upon any interest but that of unconditional ownership are without binding force, because no inquiry respecting their title was made by the company, and no statement concerning it was made by the Bohns when these policies were issued.    But neither inquiry nor statement, before the issue of the policies, was requisite to the validity of these contracts.    The contracts containing, as they did, the stipulations that they should be void if the interest of the assured had not been truly stated to the company, or if it was not truly stated in the policy, or if it was not the sole and unconditional ownership of the property described, and their silence and aceptance of the policies was the answer," citing many authorities.    We approve this as a correct statement of the law.    See, also, 1 May, Ins. (4th ed.), secs. 2, 3, 87*a*.

*Affirmed.*