HOME MUTUAL FIRE INSURANCE COMPANY *v.* PITTMAN.

[71 South. 739.]

1. CONTRACT. *Construction. Insurance. Construction of policy. Forfeiture. Lack of title. Failure to read policy.*

   An instrument should be construed most strongly against the drawer.

2. SAME.

   It is a well settled rule of construction that an instrument will be so construed as to give to every part thereof effect, unless the parts are in conflict, and if possible every clause contained in an instrument will be harmonized with every other clause therein.

3. INSURANCE. *Fire insurance. Construction of policy.*

   Where a policy of fire insurance provided: first, that if the interest of insured in the property was or should become other or less than perfect, legal and equitable title, except as stated in writing the contract should be void; and, second, that in case

the interest of insured was not sole ownership, the company should not be liable by virtue of the contract for any sum exceeding the actual cash value of insured's interest, such second clause related to the situation where the ownership in the property is less than a perfect legal and equitable title, and where this fact has been noted on the policy in writing.

4. INSURANCE. *Fire insurance. Forfeiture. Lack of title.*

Where insured took out a fire insurance policy providing that it should be void unless insured had perfect legal and equitable title in the property, and at the time of taking said policy insured was not the owner of the property, the house burned being situated on his wife's land and he being her tenant, in such case the policy was forfeited.

5. INSURANCE. *Fire insurance. Forfeiture. Lack of title.*

Where a fire insurance policy had been for a long time in the possession of insured he is bound by its terms though he did not read it. He cannot lay the policy aside and contend that he does not know the provisions in the policy that are contrary to his interest while claiming his rights under the provisions therein contained that are favorable to him.

APPEAL from the circuit court of Yalobusha county.

HON. J. B. ECKLES, Judge.

Suit by N. A. Pittman against the Home Mutual Fire Insurance Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*McLaurin & Aemistead,* and *T. G. Birchett,* for appellant.

*Greekmore & Stone,* for appellee.

POTTER, J., delivered the opinion of the court.

This was a suit begun by N. A. Pittman, appellee, in this court, plaintiff in the court below, against the Home Mutual Fire Insurance Company, appellant here and defendant in the court below.

The defendant was a mutual fire insurance company, and, upon appellee's request, insured, in one policy, two

dwelling houses belonging to the appellee; dwelling house No. 1 was insured for four hundred dollars and dwelling house No. 2 for six hundred dollars. Dwelling house No. 2 was destroyed by fire on the 28th day of June, 1912; and the appellant filed his suit in the circuit court to recover on the policy. It developed, after the fire, that the house destroyed was situated on land not owned by appellee but by his wife. The said house, the uncontradicted facts show, was built thereon permissively and without understanding or agreement between the appellee and his wife, and was occupied by their son as a residence. The defendant denied liability and tendered the premium, which tender was refused.

The policy in question contains the following clause:

"If there is, or shall be, other prior, concurrent, or subsequent insurance, whether valid or not, on said property, or any part thereof, without the company's written consent, or if said building, or either of them, now is or shall become vacant or unoccupied, or if the hazard become increased in any way, whether under the control and knowledge of the member, or not, or if the property or any part thereof shall be sold or conveyed, or if the property insured now is, or shall become, incumbered by mortgage or otherwise, or any change takes place in the title, occupation or possession thereof whatsoever, or if foreclosure proceedings shall be commenced, or if the interests of the member in said property, or any part thereof, now is, or shall become, any other or less than a perfect legal and equitable title and ownership, free from all liens whatsoever, except as stated in writing hereon, or if the buildings or either of them stand on leased ground (or land of which the assured has not a perfect title), or if this contract shall be assigned without the company's written consent hereon, then, and in any such case, this contract shall be absolutely null and void."

The defendant filed the plea of general issue, and gave notice thereunder setting out the above clause of the policy sued on, and offered to prove that the provisions of

the policy sued on were violated by the plaintiff in that the interest of he plaintiff was not, at the time of the issuance of the policy, a perfect, legal, and equitable title of ownership of the property sued for, free from all liens whatsoever, and that the building, the object of the suit, stood on leased land, or land of which the assured had not a perfect title on account of which the policy sued became absolutely null and void. The plaintiff relied on another clause in the policy as contradictory of the clause above quoted and relied upon by the defendant. That clause is as follows:

"In case the interest of the member in said property is not the sole, absolute and unconditional unincumbered ownership thereof, both in law and in equity, this company shall not be liable to the member by virtue of this contract for any sum exceeding the actual cash value of the interest of the member at the time of the loss after deducting from the actual cash value of said property the amount and value of all outstanding rights, interests and incumbrances thereon, but in case this contract is by its terms made specially payable, in whole or in part, in case of loss to any mortgagee or incumbrancer, the amount of the interest of any mortgagee or incumbrancer shall not be deducted in estimating the value of the property."

It is admitted that at the time the policy was issued, and at the time of the fire that the plaintiff's interest in the property burned was less than a perfect, legal, and equitable title and ownership; and it is admitted that the building which was burned stood on leased ground, as the plaintiff was tenant at will on his wife's land. It is insisted, however, that the insurance policy is to be construed most strongly against the insurance company, and most strongly in favor of the insured, on the well-established doctrine that an instrument is to be construed most strongly against the drawer; and that under the second clause quoted, the defendant company had agreed that in case the interest of the assured in the property covered was not sole, absolute, and unconditional unin-

cumbered ownership thereof, to be liable by virtue of the contract sued on for a sum not exceeding the actual cash value of the interest of the assured at the time of the loss after deducting from the actual cash value of said property the amount in value of all outstanding rights, interests, and incumbrances thereon; in other words, the plaintiff insists that while one clause provides that the title of the insured must be sole, unconditional ownership, etc., that another clause provides for the payment of loss in case the insured is not the sole and unconditional owner of the property covered by the policy.

It is a well-settled rule of construction that an instrument will be so construed as to give to every part thereof effect, unless the parts are in conflict; and, if possible, every clause contained in an instrument will be harmonized with every other clause therein. And if the second clause under consideration is read in connection with the first clause, we inevitably conclude that the second clause is dealing with a situation where the ownership in the property is less than a perfect and equitable title, and where this fact has been noted on the policy in writing. For the first clause sets out that if the interest of the assured in the policy shall become any other or less than a perfect, legal, and equitable title and ownership, etc., "except as stated in writing hereon," the contract shall be null and void.

This policy contains no exception in writing denoting a title less than perfect ownership; and therefore the second clause quoted in this opinion has no bearing on the case at bar. The conditions contained in the first clause above quoted were violated because at the time the insurance was taken out the plaintiff was not the owner of the property, but was a tenant of his wife; the house burned being situated on her land, and the policy was forfeited. *Liverpool, etc.,* v. *Cochrane,* 77 Miss. 348, 26 So. 932, 78 Am. St. Rep. 524; *Rosenstock* v. *Insurance Co.,* 82 Miss. 674, 35 So. 309.

The assured in this case urges that he did not sign the application for insurance contained on the back of his policy, and that he did not read the policy until after his property was destroyed. The policy itself, however, had been, for a long time, in the assured's possession, and if he did not read the terms thereof he. is bound thereby nevertheless. He cannot lay the policy aside and contend that he does not know the provisions in the policy that are contrary to his interests, while claiming his rights under the provisions therein contained that are favorable to him. *New York, etc.* v. *O'Dom,* 100 Miss. 219, 56 So. 379, Ann. Cas. 1914A, 583; *Germania, etc.,* v. *Bouldin,* 100 Miss. 677, 56 So. 609. In the case of *Georgia Home Insurance Co.* v. *Holmes,* 75 Miss. 390, 23 So. 183, 65 Am. St. Rep. 611, the insurance company with knowledge that property was incumbered insured it and was therefore held to have waived the antimortgage clause in its policy. In the case of *Scottish Union & National Insurance Co.* v. *Wylie,* 70 So. 835, the insurance policy had been issued on the request of the assured, and the policy had not been delivered to the assured at the time of the fire, and the company's agent, with knowledge of the mortgage on the property covered, accepted the premium for said policy after the fire. This is a very different case from the one under consideration.

A peremptory instruction was given in this case for the plaintiff and a like instruction was refused upon request of the defendant. The court below erred in granting the plaintiff a peremptory instruction, and also in refusing the defendant the peremptory instruction requested by it.

This case is therefore reversed, and suit dismissed.

*Reversed and dismissed.*