HARTFORD FIRE INS. CO. *v.* McCAIN.*

[106 So. 529.   No. 25134.]

(Division A.   Jan. 4, 1926.)

1. INSURANCE.   *Sole and unconditional ownership in fee clause valid.*
   Sole and unconditional ownership in fee clause is reasonable and valid.

2. INSURANCE.   *Deed of life estate to insured's grantor prima-facie showing of breach of sole and unconditional ownership clause.*
   Deed conveying to insured's grantor life estate only is *prima-facie* showing of breach of sole and unconditional ownership in fee clause, though deed to insured purported to convey unconditional fee.

---

*Headnotes 1.   Fire Insurance, 26 C. J., Section 208; 2. Fire Insurance, 26 C. J., Section 759; Failure to record conveyance to insured

as affecting his "sole and ·unconditional ownership," See note in 22 L. R. A. (N. S.) 732; 14 R. C. L. 1052; 3 R. C. L. Supp. 33%; 5' R. C. L. Supp. 793.

.APPEAL from circuit court of Webster county.

HON. T. L. LAMB, Judge.

Action by John F. McCain against the Hartford Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered.

*R. L. McLaurin,* for appellant.

There was no issue of facts in this case and no contradictions, and we submit that the warranties found in the said application were by the appellee's own evidence and by the record made on the trial shown to be materially false and misleading. We think it is established beyond all dispute that the property did not belong to the plaintiff; that the title to said property, as shown by the deed introduced and which is not contradicted, belong to plaintiff's wife and children. The deed was signed November 21, 1905, and was in effect an effort to convey by a warranty deed to John F. McCain property deeded to Mrs. McCain for life only, and at her death to her children in equal parts.

Plaintiff below represented in his application, that he was the sole and absolute owner of the property in question, that the title to the land on which the buildings were situated was in his name, and these questions were made warranties by the contract. So we say, that if Mr. McCain was not the owner in fee of the property and the policy was issued to him based on his representations that he was the owner in fee, then the policy was void, and that a peremptory instruction for the defendant should have been granted.

This policy under this proof and under the application upon which it was issued was clearly void, void from its inception. This very question, we think, was settled by the supreme court of this state in *Home Mutual Fire*

*Insurance Co.* v. *Pittman,* 111 Miss. 420, 71 So. 720. It cannot be argued that the assured was the sole beneficial owner of the property and, therefore, entitled to recover, because the fact is that he was not the sole beneficial owner. It is clear that he only had the life estate of his wife and he had no title whatever and no greater right whatever than his wife could convey, neither did his wife have any right to interfere with the title of subsequently born children who were at the time of the fire minors.

In the *Bowdre case,* 67 Miss. 635, it was specifically held that in that case the truth was that the plaintiffs were the only persons on earth having any sort of interest in, or claim to, beneficial ownership to the premises, and there was simply a naked outstanding legal title which could have been divested by any court of chancery. A very different proposition indeed, we submit, from the case at bar. We could multiply cases on this question of title and ownership and could cite the text-books, but we see no necessity or advantage in same. The Pittman case settles this question.

*A. T. Patterson* and *E. O. Sykes,* for appellee.

Counsel contends that the record shows the plaintiff was only the owner of the property for life with remainder in fee to the children of his wife, and that this is a breach of the unconditional ownership clause. We take issue with counsel that the testimony shows plaintiff only the owner of a life estate. We say, however, that even if this be true, it is no breach of this condition.

The testimony of the plaintiff shows that he has been in possession of this land for seventeen or eighteen years, that his wife made him a deed to the land in fee simple. The appellant then attempts to show that the wife had only a life interest in the land, and, therefore, could convey only this life interest to her husband. This they attempt to show by introducing a deed to the wife from

her father and mother.    If the niceties of land titles could be tried in a suit of this kind, then the appellant would have to fail because he has not shown that the father and mother of Mrs. McCain were the owners of the land when they conveyed to her.    It would have been incumbent on him to show that there was no other outstanding paramount title in some one else than the father and mother, and that Mrs. McCain did not become the owner in fee in some other way of the land.    The plaintiff proved his possession for eighteen years, coupled with the fee simple deed.    To rebut this presumption the appellant should have been shown the above facts.

However, this is all beside the mark in this case.    This court has repeatedly held that these questions of title are not to be gone into in suits of this kind.    This exact question was settled by this court in *Phoenix Ins. Co.* v. *Bowdre,* 67 Miss. 620.

Even though McCain owned only a life estate, yet he is the sole and unconditional owner within the terms of the policy.    McCain built this tenant house number one, as well as all the other houses on this property which were the subject of this insurance.    He was, and is, the sole and unconditional owner of this property during his life.    The purpose of this clause is to prevent an insured from getting insurance on more than his interest which would enable the insured to collect more from loss than his interest in the property is worth.    In this case the loss falls entirely upon McCain.    This question is discussed in 14 R. C. L., page 1052, sec. 229.    The *Pittman case,* 111 Miss. 420, cited by counsel is not in point upon this question for the reason that Pittman's wife was the owner in that case and Pittman was only her tenant.

*R. L. McLaurin,* in reply, for appellant.

Our courts have repeatedly held that this clause as to sole and unconditional ownership was valid and enforcible.    *Bacot* v. *Ins. Co.,* 96 Miss. 238; *Groce* v. *Phoe-*

*nix Ins. Co.,* 94 Miss. 201, 48 So. 298; *Rochester German Ins. Co.* v. *Schmidt,* 162 Fed. 447, 89 C. C. A. 333.

Can this court in the case at bar say that the title or interest of the insured in the property was truly stated or that the assured in the light of this definition had an interest sole and unconditional? Can it be said that no one else had an interest, that his children were not interested? Can it be said that the quality of the estate was not limited or effected by any condition? See *Bacot case,* 96 Miss. 240.

Appellee represented that he was the sole owner of the property and as sole owner the Insurance Company, appellant, might have been willing to indemnify him, but on the contrary might have been entirely unwilling to indemnify where his interest was limited. It is not a question as to whether or not appellee had an insurable interest in the property destroyed by fire. Certainly, he had an insurable interest, but he was under obligations to advise the company fully of his interest when his interest was limited. The terms of the policy were not limited to such limited interest as he had. This very question was settled in the *Pittman case,* 111 Miss. 420.

COOK, J., delivered the opinion of the court.

The appellee, John F. McCain, instituted this suit against the appellant in the circuit court of Webster county for the loss by fire of a tenant house, which was covered by a policy of insurance issued by the appellant company, and, from a verdict for the sum sued for, this appeal was prosecuted.

The appellant filed a plea of the general issue, and also four special pleas, but the conclusion we have reached makes it unnecessary to consider the several very interesting questions which arose under the first, second, and fourth of these pleas, and which are so ably and exhaustively argued by counsel for the respective parties.

The third special plea averred that the contract of insurance had been breached, by reason of the fact that by the terms of the contract it was agreed and warranted that the assured was the sole and absolute owner of the property proposed to be insured and for which the contract of insurance was issued, and that the assured was and would continue to be, during the life of said policy, the sole and unconditional owner in fee of said property, and that said contract was issued upon said warranties, and that said warranties were false, in that the assured, at the time of the issuance of said policy, was not the sole and unconditional owner of said property, and did not own a fee-simple title thereto, and that, for this reason, the said contract of insurance was null and void from its inception.

The replication to this plea averred that, at the time of the execution of the policy of insurance, the assured was the sole and absolute owner of said tenant house, within the provisions of said contract, and that the title to said land upon which the house was located was in the said assured, he claiming and owning the same by deed of conveyance conveying and warranting the title thereto to him in fee simple, and that he so owned said land at the time of the loss and destruction of said house. The replication concluded with a verification, and thereupon issue was joined by the defendant.

The policy of insurance contained the following stipulations:

"This indemnity contract is based upon the valuations and representations contained in the assured's application and diagram of even number herewith, which the assured has signed and permitted to be submitted to the company, and which are hereby made a warranty and a part hereof, and it is stipulated and agreed that if any false statements are made in said application or otherwise; . . . or in case any change shall take place in title or interest or possession (except by succession by reason of the death of the assured) of the property

herein named; or if the assured shall not be the sole and unconditional owner in fee of said property; . . . then in each and every one of the above cases this policy shall be null and void."

Pretermitting any discussion of the controversy between counsel for the respective parties as to whether the form of the pleadings shifted the burden of proof on the issue as to whether the insured was the sole and unconditional owner in fee of the property insured, but assuming that the burden remained upon the appellant to establish this affirmative defense, we will consider the evidence bearing upon this issue.

The appellee testified to the issuance of the insurance policy and the total destruction by fire of the tenant house, and to its value, and that he was the sole owner of the property. As the sole evidence of his title to the property, he identified and introduced in evidence a deed from his wife, Mrs. Florence Estell McCain, which upon its face purported to convey to him a fee-simple title to the land upon which the insured property was located. He testified that he and his wife, Mrs. Florence Estell McCain, had four children then living, and that his wife was a daughter of T. J. Pogue and Mrs. S. K. Pogue, and on cross-examination he identified and read in evidence, as an exhibit to his testimony, a deed from the said T. J. Pogue and his wife, Mrs. S. K. Pogue, conveying the land in question to their daughter, Mrs. Florence Estell McCain, "during her natural life and at her death to her children in equal parts." The appellant introduced in evidence this deed from T. J. Pogue and wife to Mrs. McCain, and rested.

One of the conditions on which the policy is given any validity by the contract of insurance is that the insured is the sole and unconditional owner in fee of the property insured, and it has been repeatedly held by this court that this clause is reasonable and valid, and that a breach of such stipulation, unless waived by the company, will relieve the company of liability. *Rosenstock*

v. *Insurance Co.,* 82 Miss. 674, 35 So. 309; *Groce* v. *Phœnix Ins. Co.,* 94 Miss. 201, 48 So. 298, 22 L. R. A. (N. S.) 732; *Bacot* v. *Insurance Co.,* 96 Miss. 223, 50 So. 729, 25 L. R. A. (N. S.) 1226, Ann. Cas. 1912B, 262; *Insurance Co.* v. *Pittman,* 111 Miss. 420, 71 So. 739.

In the *Rosenstock case, supra,* the court approved, as a correct statement of the law, a quotation from the language of Sanborn, J., in the case of *Syndicate Insurance Co.* v. *Bohn,* 65 F. 165, 12 C. C. A. 531, 27 L. R. A. 614:

That "neither inquiry nor statement, before the issue of the policies, was requisite to the validity of these contracts. The contracts containing, as they did, the stipulations that they should be void if the interest of the assured had not been truly stated to the company, or if it was truly stated in the policy, or if it was not the sole and unconditional ownership of the property described, and their silence and acceptance of the policies was the answer."

Likewise, it was held in the *Pittman case, supra:* That, "where a fire insurance policy has been for a long time in the possession of insured, he is bound by its terms, though he did not read it. He cannot lay the policy aside and contend that he does not know the provisions in the policy that are contrary to his interest while claiming his rights under the provisions therein contained that are favorable to him."

The meaning of the words "sole and unconditional ownership in fee" is well established. The ownership of an insured is sole and unconditional when no other person has any interest in the property as owner, and the quality of the estate is not limited or affected by any condition. 26 C. J., p. 172. In the *Bacot case, supra,* the court quoted with approval a definition of sole and unconditional ownership found in 2 Clement on Insurance, p. 152, as follows:

"An insurance ownership is sole when no one else has any interest in the property as owner, and is uncon-

141 Miss.—26.

ditional when the quality of the estate is not limited or affected by any condition.''

In the case at bar the appellee claimed title under a deed which on its face purported to convey sole and unconditional ownership in fee, but he was met with a deed showing that his grantor had only a limited interest in the property, and, of course, his grantor could convey no greater interest than she owned. Under these deeds the insured could only acquire an estate for the life of his wife, with remainder at her death to her children. It is true that this court has held that the niceties of title will not be inquired into and that ''parties applying for insurance are not called upon to settle questions of title with very great precision,'' but the proof in the case at bar does not present any questions of title to be inquired into or settled. The introduction of these duly executed and recorded deeds, under which the insured could only acquire a limited interest in the property, constituted at least a *prima facie* showing of the ownership of only a limited interest therein. The introduction of the deed conveying to the insured's grantor only a life estate swept the foundation from under appellee's claim of sole and unconditional ownership in fee, and was a *prima facie* showing of a breach of the condition of the policy contract, and, in the absence of other proof, entitled the appellant to the peremptory instruction requested by it.

The judgment of the court below will therefore be reversed, and judgment entered here for appellant.

*Reversed, and judgment for appellant.*