ROYAL INS. CO., LIMITED, *v.* SHIRLEY.[*]

(Division A. Feb. 1, 1926. Suggestion of Error Overruled Feb. 15, 1926.)

[106 So. 884. No. 25184.]

INSURANCE. *Evidence held to require peremptory instruction for defendant under sole and unconditional ownership clause, on theory of stolen car.*

Defendant's evidence, which plaintiff did not attempt to refute, *held* to overcome presumption resting on insured's possession of insured car and issuance of the policy to him, and to require peremptory instruction for defendant under sole and unconditional ownership clause, on theory that car had been stolen and its engine number altered.

---

[*]Corpus Juris-Cyc. References: Evidence, 22 C. J., p. 83, n. 63; Fire Insurance, 26 C. J., pp. 168, n. 47; 539, n. 75, 77; 551, n. 88.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Action by Otto Shirley against the Royal Insurance Company, Limited. Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered.

*R. L. Genin* and *John C. Hollingsworth,* for appellant.

The question of sole and unconditional ownership in this case is undisputed as far as the record shows and a peremptory instruction should have been granted to defendant.

To establish ownership the plaintiff testified that he purchased the car from Robert Eddy without any other proof of ownership whatever. He utterly failed to show ownership by this character of proof and failed to show any color of title or ownership. No bill of sale was produced, no transfer to Eddy, and Robert Eddy did not testify and no depositions were attempted to be taken of Eddy or any one else. On the other hand, the appellant presented a clear, unbroken chain of title from the factory that followed the car through all owners to its present location in Gulfport. From these undisputed facts the court manifestly erred in submitting the question to the jury as the entire record shows the appellee to have no interest whatever.

The appellee, not being the sole and unconditional owner of said automobile; the policy is void and this case should be reversed and judgment rendered. *Groce* v. *Phoenix Ins. Co.,* 94 Miss. 301, 48 So. 298; *Bacot* v. *Phoenix Ins. Co.,* 96 Miss. 223, 50 So. 729; *Liverpool & Co.* v. *Cochran,* 77 Miss. 348, 26 So. 937, 78 Am. St. 524; *Fireman Fund Ins. Co.* v. *Cox,* 175 Okla. 493.

The provision in the policy is a safeguard against the fleecing of insurance companies and this case is indeed very questionable in that direction on the facts.

*H. H. Evans* and *C. R. Hayden,* for appellee.

Appellant evidently mistakes the issue. It is not whether or not Dr. Barnes had a car stolen from him in Chicago, December, 1920, for which he collected theft insurance, but the question is solely one of *identity;* that is, whether the car insured by Shirley was the same car alleged to have been stolen from Dr. Barnes. The car in question was viewed by the jury who tried the case and the so-called secret number and numbers alleged to have been changed on this car were pointed out to the jury by witnesses of the defense and they, by their verdict, have stated that the Shirley car is not the same car alleged to have been stolen from Dr. Barnes. There is ample evidence in the record to support this finding of the jury.

The possession of personal property is *prima-facie* evidence of ownership and taken together with the possession of Eddy and Shirley, the payment of purchase price would make Shirley sole and unconditional owner of this car, unless the jury believed from this evidence that this was the same car stolen from Dr. Barnes of Chicago. See 26 C. J., p. 539. ''The issuance of a policy to insured on property therein described is *prima-facie* evidence of title to, or insurable interest in such property, at the time of delivery of policy. 26 C. J., p. 539; *Wood* v. *Am. Fire Ins. Co.,* 44 N. E. 80, 52 Am. St. Rep. 733.''

Sneed, agent of appellant, had the bill of sale of this car in his possession and with full knowledge of the facts as known by Shirley, insured the car. The appellant is, therefore, estopped from setting up the fact that the bill of sale had not been recorded.

We submit, however, that chapter 222, Laws of 1920, does not make the sale of automobiles contrary to said law void as between the parties, but merely states and sets forth a penalty of fine or imprisonment in the event the statute is not complied with.

We submit that the ownership of the car was purely and simply a fact to be decided by the jury and not a question of law as contended by appellant.

Argued orally by *R. L. Genin* and *J. C. Hollingsworth*, for appellant.

McGOWEN, J., delivered the opinion of the court.

The appellee, Shirley, insured a certain Cadillac automobile with the appellant, Royal Insurance Company, Limited, which automobile was destroyed by fire. Shirley demanded payment under the policy, but the appellant company declined to pay the amount of the policy, which was two thousand dollars. Declaration was filed upon the policy in the circuit court of Harrison county for the full amount of the policy. The insurance company pleaded the general issue and gave notice thereunder that it would defend on the ground that Shirley was not the sole and unconditional owner of the automobile; that the automobile was a stolen car, which, at the time of this theft, had belonged to Dr. Barnes of Chicago, Ill.; and, further, defended on the ground that Shirley had falsely represented the value of the car to be four thousand dollars, which was double the value of the car. For our purposes this is a sufficient statement of the pleadings.

The proof developed that the insurance policy described the car as engine No. 59-c-488. The proof further developed that the plaintiff bought the car for one thousand nine hundred dollars. Perhaps he did not win it in a crap game, though the sale and negotiations arose in close connection with a bone-rolling party. The plaintiff rested his title on the statement in the policy and *prima-facie* case made by his statement that he bought his car from a man by the name of Eddy, who was shown to be under indictment in the federal court with reference to the larceny of this car. The plaintiff contended that a bill of sale had been executed by Eddy to him some few weeks before the insurance of the car and that the car burned out on the public road some two or three months subsequently. After the purchase of the

car, and on the day of its insurance, the car was under-going considerable repairs, and the evidence tended to show a spoliation of the last numeral of the engine number.

Eddy, the alleged vendor of Shirley, was not introduced as a witness, nor was there any record of the sale of the car as required by chapter 222, Laws of 1920.

Plaintiff testified that he paid somehow one thousand nine hundred dollars for this car a few weeks before the policy of insurance was written, but that he made no statement to the agent who wrote the insurance, but said agent examined the car in the repair shop and mailed plaintiff the policy.

The defendant proved by the Cadillac factory officials that car No. 59-c-488 was sold by that company to the Meriden Auto Station at Meriden, Conn., and proved on the day of the taking of his deposition that Hubbel, the secretary and treasurer of the Middletown Press & Publishing Company, of Middletown, Conn., was then in possession of the Cadillac car, engine No. 59-c-488, and that said car at that time, while this suit was pending, had the secret numbers thereon concealed and known only, usually, by the factory; proving conclusively that this car, engine No. 59-c-488, was then in Connecticut.

The defendant further shows that the car insured and claimed by Shirley in this case bore in three separate secret places the secret number of the Cadillac car which the Cadillac company had sold to Dr. Barnes in the city of Chicago, and that said engine number was 59-c-489 when it left the factory, and that the car owned by Dr. Barnes bore the secret number in three places found on this car here in controversy at Gulfport, Miss. The date of the sale and all the facts necessary to the identification of the car were brought out by the depositions of the factory employees, of the sales agency, and of Dr. Barnes. The defendant proved by a clear and unbroken chain that this car found at Gulfport, Miss., corresponded with the description of the car sold to Dr. Barnes of

Chicago, except that the engine number on this car at the time of its insurance was 59-c-488, whereas the records show that the factory number on this engine was 59-c-489. The proof further tended to show that it was very easy to change the engine number from 489 to 488.

Dr. Barnes established that his car was stolen in the city of Chicago on the lake front, in 1920. He saw the thieves disappear with his car, and had not seen the car since that day. He had theft insurance and on payment of the amount due on the policy conveyed his interest in the car to the insurance company, which was held by the insurance company on the date of the trial.

The jury examined the car, but in our opinion nothing could have been exhibited that could have materially altered the facts as to this car being the car stolen from Dr. Barnes in Chicago in 1920.

We think that this clause of this policy under this state of facts is a bar to the recovery of the plaintiff in this case:

"This entire policy shall be void, unless otherwise provided for by agreement in writing added thereto."

And:

"*Title and Ownership.* (a) If the interest of the assured in the subject of this insurance be other than unconditional and sole ownership."

It is true that the plaintiff made out a *prima-facie* case by resting upon his possession, and the fact that an insurance policy had been written in his favor on the automobile, but presumptions always yield to facts, and the proof is so convincing as to preponderate and overwhelm the above-stated presumption, especially in view of the fact that no effort was made to rebut this convincing preponderance of the testimony as identifying the car stolen from Dr. Barnes in 1920.

In *Groce* v. *Phoenix Insurance Co.,* 94 Miss. 201, 48 So. 298, 22 L. R. A. (N. S.) 732, the court said:

"It is very generally agreed, and, indeed, repeatedly decided in this state, that the clause in the insurance

policy as to sole and unconditional ownership is reasonable and valid, and that a breach of such stipulation, unless waived by the company, will excuse the company from liability."

With the proof offered in this case, the lower court should have held that the title to and ownership of this car was in the Providence Washington Insurance Company by virtue of its contract with Dr. Barnes, who bought the car from the Cadillac dealers in 1920, and with this uncontradicted proof in the case the plaintiff could no longer rest upon his *prima-facie* presumption, however honest he may have been in believing that he actually owned the car in question.

In *Bacot* v. *Insurance Co.*, 96 Miss. 223, 50 So. 729, 25 L. R. A. (N. S.) 1226, Ann. Cas. 1912B, 262, the second syllabus states:

"An insurance ownership is sole when no one else has any interest in the property as owner, and is unconditional when the quality of the estate is not limited or affected by any condition," etc.

In the recent case of *Hartford Fire Insurance Co.* v. *John F. McCain*, decided by this court January 4, 1926, 106 So. 529, this court held that, where there was a policy of insurance written on a house insuring it against loss by fire, and where this clause was in the policy, and McCain on the trial of the case offered a deed conveying to him the fee-simple title of the premises in controversy, and thereupon the insurance company showed that McCain's grantor by deed had only a life estate in said premises, then the burden was upon the plaintiff to make further proof, else the quality of his title was not such as was contemplated by the contract, and we held that, under these facts, the insurance company was entitled to a peremptory instruction.

Absolutely the only quibble which the plaintiff in the court below had to stand on was in the difference in a curve between the figures eight and nine, and there was ample proof to show that this was the car which had

been stolen from Dr. Barnes in Chicago, Ill., in 1920, independent of this quibble, especially in view of the fact that no effort was made to explain the possession of Eddy or to trace the car other than it had been traced by the defendant.

The court should have granted the defendant a peremptory instruction.

This case is reversed; and judgment here for appellant.

*Reversed, and judgment here.*