WILLIAM B. GROCE v. PHOENIX INSURANCE COMPANY.

[48 South. 298.]

HUSBAND AND WIFE.  *Conveyances between.  Code* 1892, § 2294; *amended Laws* 1900, *ch.* 90, *p.* 130.  *Code* 1906, § 2522.  *Fire Insurance. Unconditional and sole ownership.  Unacknowledged and unrecorded deed.  Third party.*

An unacknowledged and unrecorded deed from a wife to her husband is valid as between the parties and is operative to invest the husband with title within the meaning of the "unconditional and sole ownership" clause of a fire insurance policy, the insurer not being a "third party" within the meaning of Code 1892, § 2294, amended Laws 1900, ch. 90, p. 130 (Code 1906, § 2522), providing that a conveyance of lands between husband and wife shall not be valid as against any third person unless in writing, acknowledged and recorded.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Groce, the appellant, was plaintiff in the court below, and the insurance company, appellee, was defendant there. From a judgment in the defendant's favor plaintiff appealed to the supreme court.

The opinion of the court sufficiently states the facts.

*R. W. Cutrer,* for appellant.

Was the plaintiff at the time of the issuance of the policy,

owner of the realty whereon the saw mill plant was located to the extent that he could legally institute and maintain this suit? It cannot be denied that plaintiff was in no way guilty of any fraud or wrongdoing, and that, from the time the policy was issued to the time of the fire he had taken reasonably prudent steps to protect the plant. And it is likewise undeniable that Groce never in any way misrepresented anything of a material nature relative to the risk. The fact that he had received from his wife, prior to the issuance of the policy, a warranty deed to the realty from his wife, which deed had not been placed of record, in no way changes matters in so far as the insurance company's liability is concerned.

The creditors and purchasers referred to in Code 1906, § 2522 (Laws 1900, ch. 90, p. 130) are those from the grantor in the instrument concerned, and the statute is intended to protect third parties dealing directly with the grantor. No creditors of Mrs. Groce, the grantor, are here complaining. *Sessons v. Reynolds,* 7 Smed. & M. 153; *Dixon v. Cook,* 47 Miss. 226; *Carlisle v. Fendall,* 49 Miss. 229; *Loughbridge v. Bowland,* 52 Miss. 558; *Chaffe v. Halpin,* 62 Miss. 1; *Green v. Weems,* 85 Miss. 566, 38 South. 551; George's Miss. Dig. 654 art. 14; *Morris v. Rucks,* 62 Miss. 76.

In a case construing an insurance policy containing the clause that: "If the interest of the assured in the property be other than an absolute fee-simple title it must be so represented to the company and expressed in the policy, else it will be void," this court held that such condition will not affect the right of the assured to recover on the contract of insurance if he has the sole beneficial ownership of the insured property, even though there may be a technical defect in his deed or an outstanding naked legal title held by another. *Liverpool, etc., Ins. Co. v. McGuire,* 52 Miss. 227. And, as reiterating this, see also *Phœnix Ins. Co. v. Bowdre,* 67 Miss. 620, 7 South. 596, 19 Am. St. Rep. 326.

It is undeniable that plaintiff is the only person having any sort of interest in or claim of ownership upon the insured prop-

erty.   1 Wash. Real Prop. 66, 67.   May on Insurance, 289 ;.
Woods on Fire Insurance, 195, 196; 560.

*Alexander & Alexander,* on the same side.

Under the circumstances Code 1906, § 2522, is not here ap-
plicable.   The term, "third person" in the statute refers only
to persons in a position to be prejudiced by the secret convey-
ance or transfer.   Here nobody except the insured or his wife
could be the real owner of the property.   She had conveyed to
him, hence could not legally set up claim of title against him.
Hence, as she had parted with her title to her husband, the in-
surance company could in no way be prejudiced.   All that the
insurance company can demand is to know that the insured is
actually the true owner.   *Imperial Fire Insurance Co. v. Dun-
ham,* 117 Pa. 460, 2 Am. St. Rep. 686.

*Price & Whitfield,* for appellee.

As the land upon which the insured mill plant was located
was in law the property of Mrs. Groce, in so far as appellee and
other third parties were concerned, the contract of insurance
was void.   The policy distinctly avers that it shall be void if
the interest of the insured be other than unconditional and sole
ownership, or if the subject of insurance be a building on ground
not owned by the insured in fee-simple.

That appellant's ownership was not absolute, under Code
1906, § 2522, is shown by the following excerpt from the testi-
mony of appellant:   "(Q.) Who is the owner of this land
where the mill-plant was located?   (A.) Mrs. J. B. Groce,
my wife.   She bought from Jesse Simmons.   (Q.) Did you
secure a title to this land at any time?   (A.) I did before the
machinery was located on the land.   (Q). Where is that deed
now?   (A.) I cannot tell you.   (Q.) When was that deed
made?   (A.)   A few days prior to the purchase of the machin-
ery.   (Q.) Was it ever recorded?   (A.) No, sir.   (Q.) Who
took the acknowledgement?   (A.) It was not acknowledged.
We did not think it necessary, being a family affair."

It is shown by the evidence, and without contradiction, that Groce, the appellant, had never said a word to any one outside of his family about his wife's deed to him. Hence, under Code 1906, § 2522 (Laws 1900, p. 130, ch. 90), the land must be held to still belong to Mrs. Groce in so far as the appellee is concerned.

Accordingly the court below properly granted the peremptory instruction in favor of the insurance company. Elliott on Insurance, 257; *Liverpool, etc., Ins. Co. v. Cochran,* 77 Miss. 348, 26 South. 932; 19 Cyc. 689, 690, 691; *Rosenstock v. Miss. Home Ins. Co.,* 82 Miss. 674, 35 South. 309; *Montgomery v. Scott,* 61 Miss. 409.

Argued orally by *R. W. Cutrer* and *C. H. Alexander,* for appellant and by *Garland Q. Whitfield,* for appellee.

FLETCHER, J., delivered the opinion of the court.

This appellant, having insured certain sawmill property in the Phœnix Insurance Company and sustained a loss by fire, brought suit on the insurance contract. On the trial many defenses were interposed, presented by a variety of pleas and notices; but the course of the pleading and the evidence offered have eliminated from consideration every question except one, arising under section 2522 of the Code of 1906, which question may be thus stated: The policy of insurance contained the familiar stipulation to the effect that the policy should be void if "the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee-simple." On the trial of the case it developed that the land upon which the sawmill was located had been deeded to appellant's wife, and there was no conveyance of record divesting her title. It being clear, so far as the recorded deeds disclosed that the above-quoted stipulation in the policy had not been observed, the plaintiff, upon being reintroduced, testified that some days before the contract

of insurance was effected, his wife had executed to him a deed conveying the title to the land in fee-simple, but that this deed had never been acknowledged or filed for record.

It was insisted on behalf of the insurance company that this deed is void under section 2522, of the Code of 1906, and, the circuit judge agreeing with this contention, a peremptory instruction was given for the defendant company. We desire to say in the outset that we unhestitatingly construe the agreement entered into by the parties at the second trial as submitting to the court only the question as to whether a peremptory instruction should have been given on the facts developed in the first trial, and decline to give this agreement the effect which would follow if both the law and the facts had been submitted to the court for decision. The statute in question reads as follows:

*"What Necessary to Validity of Conveyance.*—A transfer or conveyance of goods and chattels, or lands, or any lease of lands, between husband and wife, shall not be valid as against any third person, unless the transfer or conveyance be in writing and acknowledged and filed for record as a mortgage or deed of trust is required to be; and possession of the property shall not be equivalent to filing the writing for record, but, to effect third persons, the writing must be filed for record." Laws 1900, p. 130, c. 90.

The question is whether an insurance company, seeking escape from liability on the ground that the insured is not the sole and unconditional owner of the land on which the property is situated, can be held to be such a "third person" as the statute contemplates. It is very generally agreed, and, indeed, repeatedly decided in this state, that the clause in the insurance policy as to sole and unconditional ownership is reasonable and valid, and that a breach of such stipulation, unless waived by the company, will excuse the company from liability. There must be a reason for upholding and enforcing this stipulation, and the reason lies very near the surface. It is clearly and succinctly put by the Pennsylvania court in the following lan-

.guage: "The purpose of this provision is to prevent a party who holds an undivided, or contingent, but insurable, interest in property from appropriating to his own use the proceeds of a policy, taken upon the valuation of the entire and unconditional title, as if he were the sole owner, and to remove from him the temptation to perpetrate fraud and crime; for, without this, a person might thus be enabled to exceed the measure of an actual indemnity. But where the entire loss, if the property is destroyed by fire, must fall upon the party insured, the reason and purpose of this provision does not seem to exist." *Imperial Fire Ins. Co. v. Dunham,* 117 Pa. 460, 12 Atl. 668, 2 Am. St. Rep. 686.

This view of the purpose of the clause must be kept in mind in giving effect to its provisions, and in applying it to any given state of facts. It was doubtless in the mind of the court when there was decided the case of *Liverpool, etc., Ins. Co. v. Mc-Guire,* 52 Miss. 227, in which it was held that the clause had to do, not with nice questions of title, to be precisely determined, but with beneficial, practical, and equitable ownership; and therefore the court held that, though the legal title was in a partnership, yet it was competent to show by parol that the partnership had been dissolved and the real estate divided. And, again, in *Phœnix Ins. Co. v. Bowdre,* 67 Miss. 620, 7 South. 596, 19 Am. St. Rep. 326, the court reaffirmed with emphasis and elaboration the doctrine of the *McGuire case,* and upheld the policy, although the deed to the insured was so defective that the legal title had probably not passed. After a most searching analysis of the purpose of this clause in insurance policies, the court concludes: "Applying these principles to the case at bar, we will see that plaintiffs are the sole, undisputed, beneficial owners of the property in question, holding under a conveyance purporting to invest them with an estate in fee-simple. The truth is, so far as this record discloses, plaintiffs are the only persons on earth having any sort of interest in or claim of beneficial ownership to premises. There is, at the utmost, a mere naked legal

title outstanding in one of the three surviving executors of Merriweather, and this executor is the mere trustee of the title for these very plaintiffs and their brothers and sisters; all of said brothers and sisters having conveyed their undivided interests to these plaintiffs. Will any one deny that plaintiffs might not, if thought necessary to protect their title, go into a court of chancery and immediately have the naked legal title divested out of the trustee and invested in themselves? The appellees are the real owners of the premises, they are the sole owners asserting title, an they must bear the total loss involved in the destruction of the building, unless we shall hold the company liable.

The authorities are all agreed that a conveyance, though void at the instance of creditors, because executed fraudulently, is not to be held void against a claim by the insured for the value of the property, though covered by an insurance policy containing the identical stipulation here under review. *Steinmeyer v. Steinmeyer,* 64 S. C. 413, 42 S. E. 184, 59 L. R. A. 319, 92 Am. St. Rep. 809; *Rochester Loan & Banking Co. v. Liberty Ins. Co.,* 44 Neb. 537, 62 N. W. 877, 48 Am. St. Rep. 745.

The statute under review does not render absolutely void all unacknowledged and unrecorded conveyances between husband and wife. They are perfectly good as between the parties. They are void only as to "third persons." That this expression "third persons" does not apply in all its literal significance seems clear from the case of *Green v. Weems,* 85 Miss. 566, 38 South. 551. It would certainly be true that if the expression is to be held to embrace all persons whatsoever, without regard to their interest in the property conveyed or the possibility of their being injuriously affected by the transfer, it would include all creditors, whether secured or unsecured. But this case holds correctly that when creditors are involved the reference is to secured creditors only, following the analogy of another statute dealing with conveyances. This case cannot be reconciled with the view that all third persons are meant, inde-

pendent of the power of the conveyance to do them mischief. We cannot attach significance to the solitary word "otherwise," used in one sentence of the opinion, after mention of creditors and purchasers. That usually innocuous word cannot be extended to include a class excluded by the reasoning and effect of the opinion. We must look to the purpose of the statute.

No sound reason can be given for requiring conveyances between husband and wife to be recorded, except that the world may know as to the change of ownership. If any given individual has not been prejudiced by this secret conveyance, how can his lack of knowledge possibly operate to his injury? The insurance company is not affected in its risk or its liability by the fact that constructive notice was not given of the conveyance. It is only interested in knowing that the party claiming to be owner is in fact the owner, and that nobody else is. Now in the case at bar either Groce or his wife is the real owner. Manifestly Mrs. Groce is not, since she has, as Groce testifies, conveyed the property by a deed admittedly valid as to her. She has no interest in the proceeds of insurance, no claim on the property. We cannot see that the insurance company could possibly have been prejudiced by the failure of the husband to have the deed acknowledged and recorded, and we further hold that the statute includes only such "third persons" as are in a position to be prejudiced by the secret conveyance. We intimate nothing as to the value of the proof offered to establish the execution of the deed, since that is a question for the jury.

*Reversed and remanded.*