FEDERAL CREDIT CO. v. SCOGGINS.

(Division A. Oct. 13, 1930.)

[130 So. 153. No. 28843.]

Stevens & Heidelberg, of Hattiesburg, for appellant.

**Deavours & Hilbun,** of Laurel, for appellee.

278

**Smith, C. J.**, delivered the opinion of the court.

The appellant sued the appellee in replevin for the possession of an automobile. In support of its claim thereto it introduced evidence disclosing that the automobile was owned by Myer Shelby and sold by him to his wife. This sale was evidenced by a written unrecorded conditional sale contract signed by both Shelby and his wife describing several promissory notes executed by Mrs. Shelby covering the purchase money, reserving title to the automobile in Shelby until all the notes were paid, and providing that on default of the payment of any of the notes all of them should become due. These notes and the contract were assigned for value by Shelby to the appellant. This suit was instituted after default in the payment of one of the notes.

When the appellant rested its case, its evidence was excluded, and the jury were directed to, and did, render a verdict for the appellee.

The ruling of the court below is sought to be upheld under section 2522, Code 1906, Hemingway's Code 1927, section 2190, which provides that: "A transfer or conveyance of goods and chattels, or lands, or any lease of lands, between husband and wife, shall not be valid as against any third person, unless the transfer or conveyance be in writing and acknowledged and filed for record as a mortgage or deed of trust is required to be; and possession of the property shall not be equivalent to fil-

ing the writing for record, but, to affect third persons, the writing must be filed for record."

This contention will be considered in two aspects:

First, we will assume for the purpose of the argument that the appellant's right to the automobile rests upon the mere conveyance thereof from Shelby to his wife, and the execution of a lien thereon by the wife to secure the purchase money thereof.

An examination of the cases in which this court has heretofore dealt with this statute will disclose that the third persons against whom an unrecorded conveyance between husband and wife is void are such as claim an interest in, or right to, the property conveyed through or against the husband or wife, as the case may be, which claim would be valid in event the conveyance had not been made. Groce v. Phoenix Insurance Co., 94 Miss. 201, 48 So. 298, 22 L. R. A. (N. S.) 732. In this aspect of the case, therefore, the unrecorded conveyance of the automobile is valid against the appellee, unless and until it shall appear that his possession of the automobile is based on a claim thereto which would be valid had the sale from Shelby to his wife not been made.

Second, but the appellant's claim to the automobile does not rest upon a mere sale thereof by Shelby to his wife, and the execution of a lien thereon by the wife. The assignment of the conditional sale contract by Shelby to the appellant recites that: "The foregoing conditional sale contract between the buyer mentioned therein and the undersigned, the seller, and the property therein described, and all the right, title and interest therein of the undersigned are hereby sold, assigned and transferred to Federal Credit Company, its successors or assigns." This language, it will be observed, includes not only the conditional sale contract, but also the right, title and interest of Shelby in the property therein described. Shelby, therefore, not only assigned the conditional sale con-

tract to the appellant, but transferred to it any interest he might have in the automobile, which transfer must prevail against the appellee unless and until it shall appear that he is in possession of the automobile under a claim thereto superior to that which Shelby transferred to the appellant.

Reversed and remanded.