**DETRIO et al. v. BOYLAN et al.**

No. 12279.

Circuit Court of Appeals, Fifth Circuit.

July 23, 1948.

Rehearing Denied Sept. 16, 1948.

Writ of Certiorari Denied Nov. 22, 1948.

See 69 S.Ct. 169.

Carl Marshall and R. W. Thompson, Jr., both of Gulfport, Miss., and L. K. McIntosh, of Moss Point, Miss., for appellants.

Sol M. Selig, of New York City, and J. I. Ford, of Pascagoula, Miss., for appellees.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

Brought by plaintiffs, each claiming to be a member of Consolidated Tile and Deck Coverings, a limited partnership under the laws of New York, the suit was for partnership accounting and for damages.

The claim[1] as to each plaintiff, was that he and the others, by agreement between

---

[1] (a) As set out in the original complaint, filed June 17, 1946, the claim was in substance: that there had been an original partnership begun in 1943; that plaintiff Louis Detrio had withdrawn in 1944; that as of Jan. 2, 1945, a new partnership was entered into by which Louis Detrio re-entered the firm, and Francis Marks became for the first time a member of it; that this agreement was manifested by the writing attached to the pleading and it was signed by all of the partners except Glasscheib; that under this agreement profits of the partnership were to be shared as follows:

Boylan 28%; Louis Detrio 28%; Marks 16%; Albert Detrio 8%; Sylvester Detrio 5%; Anthony Detrio 5%;

that the interests thus accorded to Louis Detrio and to Marks were derived as follows: As first agreed upon, before Marks was considered as a partner, Detrio was

to have 36%, 22% contributed by the other members and 14% purchased from Boylan for $7500.00; later when it was proposed to bring Marks into the partnership, his 16% was made up by contributions of 8% each from Boylan and Louis Detrio, leaving each of them with 28%. Upon the withdrawal, with consent of all, of three of the partners, Albert, Anthony and John Detrio, plaintiffs and the others had by acts and conduct reformed the partnership and readopted the agreement of Jan. 2, 1945.

(b) By amended complaint filed Sept. 14, 1946, plaintiff alleged: that an oral agreement of partnership, with division of earnings substantially as stated above, was made by plaintiffs, the defendants, and the three partners who had since withdrawn, and was acted on for several months, Louis Detrio enjoying a drawing account from partnership funds of

them all, became members of a limited partnership, but that defendants had conspired to deprive each of the plaintiffs of his interest in the partnership and appropriate it to themselves.

The defense was a denial that the partnership alleged had been formed, a denial that defendants had conspired to defraud, or had defrauded, plaintiffs, or any of them, and an affirmative claim that while Sylvester Detrio was at one time a member of a partnership with defendants but not the one claimed by plaintiffs, he had withdrawn, and defendants had tendered, and were tendering him $10,145.99, the full value of his interest.

Tried to the court without a jury, the inquiry was directed, indeed limited, to whether plaintiffs, or any of them, were, or had been, partners as alleged by them.

The district judge, of the opinion that the evidence taken as a whole failed to establish that plaintiffs had formed a partnership as they alleged, that they were, therefore, not entitled to recover in this suit as such partners, and that the payment of $7500 by Detrio to Boylan for a 14 percent interest was contingent on the partnership being formed, so found and gave judgment accordingly. The judgment, however, was without prejudice to the right of Sylvester Detrio to proceed with the suit he then had pending in New York against the individual defendants, and to obtain in it an accounting as to the partnership he had with defendants, such partnership not, however, the partnership alleged and claimed in the Federal Court suit.

Plaintiffs are here insisting that, in so finding and adjudging, the district judge failed to find and give effect to undisputed, indeed admitted, facts establishing a partnership, as claimed by plaintiffs, and the downright and uncontingent character of Detrio's purchase from Boylan, that his findings were, therefore clearly erroneous, and that because they were his judgment must be reversed.

In addition, it is claimed: (1) That the court erred, as to all of the plaintiffs, in refusing inspection of the books of the partnership; (2) that if he did not err as to all of them, he certainly did so as to Sylvester Detrio who admittedly was or had been a partner of the defendants; and (3) that Sylvester Detrio having elected to prosecute his suit in the Southern District of Mississippi, it was error to decline to grant him the relief sought and remit him for it to New York.

Appellants urge upon us that in finding and concluding as he did, that no partnership was formed, the district Judge fell into the error of not distinguishing between the

---

$2500.00 per month, a resumption of the drawing account he had enjoyed before his withdrawal in 1944 from the firm; that after the agreement had thus been orally made and confirmed by action, an attempt was made to reduce it, with modifications, to writing; that after it was reduced to the writing attached to the original claim it was signed by all the partners except Glasscheib, who, though he agreed to it and agreed to sign it, was prevented from doing so by a conspiracy entered into between him and Boylan so as to wreck the partnership and make off with its assets; that as a part of the oral agreement Boylan assigned to Louis Detrio a 14% interest in the partnership, and after Marks' entry into the partnership he assigned to plaintiff Louis Detrio one-half of the 16% interest which had been assigned to him by Boylan and Detrio; and that in pursuance of their fraudulent design to wreck the partnership and appropriate its assets, Boylan and Glasscheib had thereafter wrongfully asserted that Louis Detrio and Marks were not members of the partnership and that Sylvester Detrio had been discharged therefrom, and had converted all the assets by conveying them to the corporate defendant. Then followed many charges of fraud in the formation of the corporate defendant and the transfer of the partnership assets to it.

(c) At the conclusion of the evidence, plaintiffs, in order to conform the pleadings to the proof, further amended paragraph 20 of the amended complaint by adding after the last sentence the following:

"That the said oral agreement entered into on or about Feb. 28, 1945, was amendatory to and a part of the original articles of partnership of date Feb. 28, 1943, as subsequently amended, except as to identities and interests of the partners, the life of said partnership being the same term as expressed in the original partnership agreement as set out in Exhibit "A" hereto."

two sets of discussions the parties had entered upon. One of these was the February-March discussion which resulted in the oral agreement that Louis Detrio would re-enter the partnership as a general partner with a profit sharing interest of 36%. The other was the discussion looking to the making of the January 2nd, 1945 written agreement. They insist that this is a wholly untenable view and that on the undisputed evidence there is no basis for the judge's view that the oral agreement was still unreached and these later discussions were continuing and abortive efforts to reach it. These, they say, are the undisputed facts as to these two separate sets of discussions: .

First, there were discussions resulting in an oral agreement thoroughly understood, agreed to, and acted on, that Louis Detrio should become again, as of March 1st, one of two general partners, in the limited partnership which had its inception on Feb. 28, 1943, and had been since amended from time to time, with the profit sharing percentages then agreed on, 36% to Boylan and 36% to Detrio.

Second, and this was after the oral agreement had become effective and the partnership thus formed was in active operation under it, Boylan undertook to bring Marks, his brother-in-law in, and it was in the discussion then had that for the first time difficulties and confusions arose.

Third, that these difficulties attended and only attended, the efforts to change the partnership, already orally formed and in operation, by obtaining the execution of a written agreement to change that partnership. These changes were: (1) Marks was to be brought in as a limited partner with a 16 per cent interest contributed by Boylan and Detrio; (2) the effective date of the partnership was to be changed from March 1st to January 2nd; and (3) Paragraph 13 of the agreement was to be amended to give the general partners a power to require the withdrawal of a limited partner.

While, therefore, they insist that their proof was sufficient to establish final agreement of all the parties on these changes, and that the agreement was made abortive by the conspiracy between Glasscheib and Boylan to break the partnership up, they urge with greater conviction that, if wrong in this, the evidence establishes without conflict that Sylvester and Louis Detrio were, and are, partners with Boylan and Glasscheib under the oral agreement of February, 1945.

As to Marks and Louis Detrio, they insist further that if they did not become members of a limited partnership they acquired by assignments from Boylan an interest of respectively 8% and 14%, in the profits and since, under New York law [2] and generally,[3] an interest in a partnership is assignable, Boylan and the partnership must account to them for those interests.

The appellees, on their part, insist that the evidence amply supports all of the district judge's findings and that it cannot be said of any of them that they are clearly erroneous.

It has been impossible for us to reconcile the conflicting claims of the parties as to what the record reveals by merely checking their citations to it. We have, therefore, laboriously read the whole 2000 pages of it, finding the story [4] it unfolds presented with

[2] Thompson's Laws of New York, Partnership Law, Chapt. 408, Sections 52 and 63, and Sections 107 and 108.

[3] Am.Jur., Partnership, Sec. 199. Section 27, Uniform Partnership Act.

[4] (1) On June 30, 1942, Louis Detrio, then with his wife sole owner of the capital stock in the Consolidated Tile & Marble Corporation, a New York corporation, sold 40% of it to Felix Boylan for $7500, and its name was changed to Consolidated Tile & Deck Coverings, Inc.

(2) In February of 1943, Detrio and Boylan having decided to form a Limited Partnership, they to be general partners and Albert Detrio a limited partner, under the name Consolidated Tile & Deck Coverings, the corporation was dissolved and the partnership was formed.

(3) The articles, duly signed and filed, recited: that Louis Detrio contributed 57%, Boylan 38% and Albert 5%, Albert's share being contributed for him by the other two; that the life of the partnership was to be from Jan. 11, 1943, to Dec. 31, 1968, and its main office was at Park Avenue with a branch at Pascagoula, Miss.; that all matters in respect to the general policy of the business should be determined by the general partners; and they further prohibited, in par.

a tediousness, a prolixity and a repetitiousness almost beyond belief, but, except in a few particulars to be later noticed, without substantial conflict.

This story, until the blow-up came in the summer of 1945, is one of friendly and cordial relations between Louis Detrio and Felix Boylan, the general partners, of their great liberality and generosity toward the limited partners, and of an equal friendliness and co-operation with them and with each other on the part of Detrio's brothers and Glasscheib. It is also a story of formal informality, informal formality, of

16, that the partners may by a writing done under their joint hands make alterations in or amendments to any of the articles.

(4) In May, 1943, there was an amendment in writing of the partnership agreement showing Louis Detrio and Boylan as general partners, and a statement giving the names of additional limited partners and the amounts of cash contributed by them. Those named were the defendant Glasscheib, the plaintiff, Sylvester Detrio, John Detrio, Anthony Detrio, and A. A. Detrio. None of these persons, however, in fact contributed any cash.

(5) Thereafter, about Aug. 31, 1944, the plaintiff, Louis Detrio, sold his entire interest in the partnership to the defendant, Felix T. Boylan, amounting to about 57%, which interest Boylan purchased for a sum equal to the plaintiff's interest in the net assets of the copartnership, plus an additional sum of $25,-000. It was further agreed that the certificate of limited partnership should be amended so as to provide that Boylan should be the sole general partner and the others limited partners, and that the shares of the net profits should be as follows: Boylan 50%; Sylvester Detrio 8%; John Detrio 8%; Anthony Detrio 8%; Glasscheib 13%; Albert Detrio 13%.

(6) Notwithstanding the agreement above for the amendment of the original articles of partnership, such amendment was not finally signed and filed until July 31, 1945, and when filed it stated that the agreement was made as of the first day of September, 1944, and showed Felix Boylan as general partner, Louis Detrio as withdrawing partner, and the others as limited partners.

(7) That after he withdrew as a member of the old partnership, Louis Detrio was employed for the months of Oct. to Dec., 1944, at a salary or expense account of $500 a month. On Jan. 1, 1945, he had no connection with the old partnership and no interest therein, and by Jan. 30, he had received from the partnership the entire balance due him as the result of his sale to Boylan.

(8) On Feb. 26, 1945, Boylan initiated with Louis Detrio and brought to a conclusion in an oral agreement between all the parties, discussions as to Louis' returning to the partnership as a general partner as of March 1st, with a share in the profits of 36%. As a result of this agreement, Louis Detrio became again a general partner, his drawing account of $2500 a month was restored to him, and he resumed his active management of the business as a general partner.

(9) Some time later Boylan proposed to Louis Detrio that Marks, Boylan's brother-in-law, be brought into the firm with a 16% share in the profits, this to be made up by contributions of 8% from each of them. Detrio agreed to this and about this time discussions were commenced looking to an agreement to have the proposed new partnership take effect as of Jan. 1st, and to reduce the whole matter to writing as an amendment to the limited partnership agreement, as amended, including in it a provision giving general partners the right to request the withdrawal of any limited partner. It was over the signing of this agreement that the troubles and difficulties resulting in this suit arose. Finally signed by everyone but Glasscheib, it was never signed by him. Plaintiffs contend that he agreed to sign it but then refused to because of a conspiracy on his and Boylan's part to break up the partnership. Defendants contend that he refused of his own motion and because he was unwilling to agree to it.

(10) On this issue, which, in addition to the issues of fraud in the formation of the corporation, is the only really contested issue in the case, the evidence is in sharp conflict, and on this issue the district judge found with defendants.

(11) There was also evidence that Anthony Detrio and Louis Detrio had used company assets to perform private contracts, and that because Boylan found this out he decided not to persist in trying to get the partnership articles signed.

(12) In addition there was evidence of a row between Sylvester Detrio and Boylan as a result of which Boylan undertook to dissolve his connection with the partnership and tendered him $10,145.97. As to the charges of fraud in the breaking up of the partnership and the formation of the corporation, the judge found in favor of the defendants.

things agreed to in substance orally and thereafter acted on as agreed, and later, only as matter of form, reduced to writing.

■ In the face, then, of Boylan's testimony: "His brothers and Mr. Glasscheib agreed to an amended agreement where he would come back into the company as of March 1st" (Rec. 699), and of that at Record p. 710: (Q) "About March 1st, it was agreed among you that Mr. Louis Detrio was to come back into the partnership as a full partner with a 36% interest?"[5] (A) "That's right," and of the undisputed facts of record that Detrio returned to his partnership drawing status of $2500 per month and his active management as a general partner, it will not do to claim, as appellees do, and the court finds, that for want of a writing this agreement of partnership was incomplete and ineffective.

Nor will it do to claim, as appellees do, and the court finds, that the fact, that the agreement of the general partners with Glasscheib to give him a salary was not communicated and agreed to by the limited partners, prevented the partnership agreement from becoming effective. In the first place, there is no proof whatever that the Detrio brothers did not know of and fully approve this agreement, none that they objected to it in any way. But in the second place, and more important, this matter of Glasscheib's salary was not a matter with which they had any concern since, under the partnership articles, the entire management, including the fixing of salaries, was vested in the general partners.

Neither, in the face of Boylan's undisputed testimony: "Each of them (the boys) agreed to give varying percentages and amounting to 22%. So I said, 'I have 50%, and if I give you 14 of this, for which you will pay me, we'll both have 36%'., and that was agreed." (Tr. 710), will it do to find, as the court did, that the purchase of that 14% was a conditional purchase and that it could be disregarded entirely by Boylan and Glasscheib without accounting to Detrio for the profits accruing to that share.

We, therefore, agree with appellant that the findings of the district judge, that the February-March oral agreement was never completed and that no partnership resulted from it, were clearly erroneous, indeed were without any support in the evidence, and that this is so also as to his finding that Detrio's purchase of 14% from Boylan was contingent and revocable.

■ When it comes, however, to the finding, that the written agreement, purporting to have been made Jan. 2, 1945, by which the parties sought to change the February-March oral agreement, to introduce Marks as a partner, to make the profit sharing relate back to January 1st, and to empower the general partners to require the withdrawal of a limited partner, was never assented to by all the partners, the matter stands differently. Whatever we, ourselves, as triers of the fact might have found, we are in no doubt that in view of the sharp conflicts the record presents on the issue of Glasscheib's agreement to these changes, particularly those arising upon the questions of good faith and of the authorship of the letter of July 19th,[6] plaintiffs claiming it to be genuine, defendants that it was

---

[5] On pp. 709 and 710 of the Record this testimony of Boylan appears:

"Q. Then on Feb. 26, 1945, in this meeting with Mr. Louis Detrio it was agreed that he would re-enter the partnership as a full partner, is that right? A. No, it was agreed that I was to first talk to his brothers. I couldn't speak to him until I had talked to them.

"Q. It was agreeable with you? A. Certainly.

"Q. And you undertook to take it up with his brothers and the others? A. That's right.

"Q. And you did in pursuance of that agreement take it up with them? A. I certainly did.

"Q. You also took it up with Mr. Glasscheib? A. Yes.

"Q. And under that set up it finally was agreed between you? A. It was agreed about March 1.

"Q. About Mar. 1 it was agreed among you that Mr. Louis Detrio was to come back into the partnership as a full partner with a 36% interest? A. That's right."

[6] The letter reads as follows:

"July 19, 1945.

"Dear Mike:

"Check with an attorney you know (not Selig) that if you or Al or both reneg on signing new agreement would that throw it out.

a forgery, we cannot characterize these findings as wholly erroneous. Neither can we say that the court erred in finding with defendants that plaintiffs were not entitled to recover on the written agreement. We, therefore, agree with appellees, that, as to Marks, the judgment must be affirmed.

As to Louis and Sylvester Detrio, however, we agree with appellants that the judgment must be reversed and the cause remanded with directions: (1) To find that by oral agreement Louis Detrio re-entered the partnership of March 2, 1945, on a basis of 36% of the profits, and, as of the same date, Sylvester's percentage of the profits was reduced from 8 to 5 percent; (2) to take and state an account between plaintiffs and defendants on this basis, and (3) to enter judgment accordingly.

Reversed and remanded with directions.

"I'm convinced more than ever that the boys would go along without Lou to get the bigger cut. I'm sure that the work would run as well especially with two of the yards winding up soon.

Am planning to leave here in a few days but may phone you before I leave.
"Luck,

"F. T. Boylan."

(Plaintiffs' Exhibit No. 13, p. 864 of the Record.)