**BOYLAN et al. v. DETRIO et al.**

No. 13367.

United States Court of Appeals
Fifth Circuit.

Feb. 13, 1951.

Amy Burkett, Ocean Springs, Miss., for appellants.

L. K. McIntosh, Moss Point, Miss., R. W. Thompson, Jr., Gulfport, Miss., for appellees.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

When the parties to this appeal were here before,[1] on the appeal of the Detrios, this court reversed the judgment as to Sylvester and Louis with directions.[2] In an effort to carry out these directions, accountants were employed, statements of account were filed, witnesses testified, hearings were had, findings of fact and conclusions of law were made and filed, and a judgment was entered.

This appeal is from that judgment entered, appellants say, in disregard of, appellees say, in accordance with the mandate of this court.

Appellants, attacking the judgment as erroneous, assail: (1) the finding and conclusion that the partnership continued until December 31st, and was then dissolved; (2) the findings and conclusions that the profits during that period attributable to Louis Detrio's share were $33,897.64, and to Sylvester's share were $13,426.60; and (3) that in addition to those profits, Louis was entitled to recover $50,000 and Sylvester $6,944 for liquidating value of their interests.

They insist: that the partnership came to an end as a going concern not in December but in July of 1945; that the accounting should have been only of the profits earned to that date; and that they have been correctly stated by their accountant, Marmon. They urge upon us that the judgment should, therefore, have been for

---

1. Detrio v. Boylan, 5 Cir., 169 F.2d 77, 82.

2. "(1) To find that by oral agreement Louis Detrio re-entered the partnership of March 2, 1945, on a basis of 36% of the profits, and, as of the same date, Sylvester's percentage of the profits was reduced from 8 to 5 percent; (2) to take and state an account between plaintiffs and defendants on this basis, and (3) to enter judgment accordingly."

the amounts ascertained by him to be due rather than for those stated by plaintiffs' accountant Moore, and that the judgment should be reversed and here rendered accordingly.

We agree with appellants that there is no basis in the evidence in this and the record on the former appeal for fixing December 31st as the termination date of the partnership relations between Boylan, Glasscheib, and the Detrios. These relations were terminated on July 31, 1945, the time of the "blow-up" when there was a separation by agreement as to all the Detrios except Louis and Sylvester, and as to them by and because of appellees' breach of the partnership contract and expulsion of these two from its activities and fruits.

We cannot, though, agree with appellants that plaintiffs are not entitled to recover for the damages suffered by them as a result of the breach of the partnership agreement. Nor can we agree that appellees' recovery should be limited to the amount which plaintiffs' accountant reported as due them.

■■ We think it clear that, since the failure of the partnership to continue as such was due to the wrongful act of appellants in breaking their agreement with appellees, both appellees were entitled to recover, in addition to realized profits, the damages caused to them by the breach. These damages, of course, like the accounting for profits, to be based upon evidence and not upon mere speculation or conjecture.

■ An examination of the evidence on which the judgment below rests, in the light of these facts, leaves us in no doubt that it may not stand as rendered but must be substantially revised.

As to the accounting for profits realized, this reduction may be accomplished by taking the figure of Moore, plaintiffs' accountant, as of July 31st, instead of December 31st. This, as to Louis Detrio, would be $19,261.81, and, as to Sylvester, would be $11,258.43.

As to the accounting for the loss to each of them by breach, we think the evidence taken as a whole furnishes no support either for the theory or the amount of the estimate of Moore, plaintiffs' accountant, which the district judge accepted. Indeed it rebuts as clearly erroneous his allowance of $50,000 damages to Louis Detrio and $6500 to Sylvester Detrio. The evidence on both trials, taken as a whole, will not support a finding of more than half of those sums.

The judgment in favor of the appellees will, therefore, be modified by reducing it as to Louis Detrio to $45,261.81, and, as to Sylvester Detrio, to $14,508.43, and, as modified, it is affirmed.

Modified and affirmed.