**DETRIO et al. v. BOYLAN et ux.**

No. 13296.

United States Court of Appeals
Fifth Circuit.

June 14, 1951.

L. K. McIntosh, Moss Point, Miss., R. W. Thompson, Jr., Gulfport, Miss., for appellants.

Amy Burkett, Ocean Springs, Miss., for appellees.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

This appeal presents for review another feature of litigation which has heretofore been before this Court. The particular issue here involved arises out of the efforts of the Detrios to have a conveyance from Boylan to his wife set aside as fraudulent because of an attempt to escape enforcement of the obligation upon Boylan to account to the Detrios for the partnership interest which was adjudged to exist in Detrio v. Boylan, 5 Cir., 169 F.2d 77, and which was finally adjudged as to amount in Boylan v. Detrio, 5 Cir., 187 F.2d 28.[1] Reference to these decisions will disclose the manner in which the indebtedness arose, the procedure adopted for its enforcement against the defendants, and the general progress of the litigation and the nature of the claim which formed the predicate of the effort to set aside the conveyance from husband to wife.

The creditors, as a part of the proceeding to liquidate the claim by judgment, following the decision in Detrio v. Boylan, 5 Cir., 169 F.2d 77, supra, moved the Court that Mrs. Boylan, the wife of the debtor Boylan and the grantee in the deed from him which was sought to be set aside, be made a party defendant in the proceeding. Over her objection, the Court so ordered. This deed, attacked as fraudulent, was dated December 24, 1948. By it the debtor, Felix T. Boylan, conveyed to his wife, Mary E. Boylan, certain specified and described lots of land in a residential subdivision, upon one of which was located a residence. At the time of this conveyance no judgment had been obtained, although this Court had theretofore decreed the Detrios entitled to an accounting from Felix Boylan. In answer, Mary E. Boylan denied all allegations of fraud and tendered the issue which remained paramount throughout the subsequent trial and which was determined in her favor by the judgment of the Court denying the motion to set aside the conveyance. This was, that her deeds to her husband executed in July, 1947, and conveying to him the real estate in dispute, while on their face purporting to convey fee simple title, were, nevertheless, executed voluntarily for the purpose of loaning the title to said property to her husband to enable him to use it to secure the payment of notes to be, and which were, executed to a bank in Mobile, Alabama, which, because of the laws of Alabama, would not accept a conveyance of her property as security for the loan to her husband. She alleged that the conveyances were made "with the express understanding that she would remain the equitable owner of said property" and that the legal title would be reconveyed to her when it had served this purpose. The fact of the agreement was found by the Court. Indeed, its existence was not denied by the creditors, though it was and is now, vigorously insisted that any such agreement was legally ineffective and afforded no proper basis for the Court's judgment refusing to set aside the deed.

The original suit for the partnership accounting was filed on June 17, 1946, and, of course, related to antecedent transactions. The conveyance from Mrs. Boylan to her husband was executed more than a year thereafter, and, as above stated, the conveyance from Boylan to his wife was executed some eighteen months later and before any judgment lien had been obtained. It is, therefore, apparent that no question of estoppel is, or could well be, involved. There is no contention otherwise. Some effort was made to prove actual fraud in the transaction, which the creditors claimed rendered ineffective the conveyance from Boylan to his wife on December 24, 1948. The trial Court found in favor of the wife on the issue of actual fraud, and facts of the case support this finding. Upon the question of the legal validity of the conveyance as against the

1. See also Boylan v. Detrio, 5 Cir., 187 F.2d 375.

creditors in the circumstances of this case, the trial Court, while recognizing the rule that a voluntary conveyance by an insolvent debtor can not effectively place the property beyond the reach of the grantor's creditors, adjudged that the obligation to re-convey the property, resting in parol but indisputably established, constituted a sufficient consideration to support the conveyance executed and recorded prior to the securing by the creditors of a judgment lien. The creditors-appellants vigorously insist that this ruling is contrary to, and entirely unauthorized by, the law of Mississippi.

It is conceded by the appellees that there was no other consideration for the questioned conveyance than such as arose out of the oral agreement between the husband and wife, made at the time the legal title was transferred to him. Thus, the only substantial question here presented is, as ruled by the trial Court, whether recognition of this obligation furnishes a sufficient consideration to avoid the annulling consequences which admittedly would follow a voluntary conveyance.

Counsel for the appellants rely mainly upon Sections 265, 269 and 455 of the Mississippi Code of 1942 [2] and the decision in Dogan v. Cooley, 184 Miss. 106, 185 So. 783. However, numerous other decisions are marshaled in support of the main contention that the conveyance from husband to wife was voluntary since the agreement to reconvey was invalid both because not in writing and recorded and also an oral trust, made void by Mississippi laws. In addition, in argument here, some effort is made to boost this general position by directing our attention to evidence which it is claimed tends to show that the husband's money paid for the original purchase of the residential property and the subsequent valuable improvements placed thereupon, and also for the purchase of the adjacent lots. The evidence did not require the Court to find to this effect. In any event, the transactions took place before any indebtedness arose and at a time when the husband was amply solvent. Indeed, the residential property, which is apparently by far the more valuable, was acquired in 1943, and, as to it, the evidence shows that one of the creditors advanced money, later repaid, for the purchase and knew the title was placed in the wife's name. We, therefore, consider the case from the standpoint that, prior to the conveyance of July, 1947, the wife was the owner in fee of the property in question entirely free from claims of the husband or his creditors. The Court found that the agreement to reconvey was an integral part of the contemporary conveyance.

■ Reliance is placed upon the existence of the marital relation between the parties as raising a presumption of fraud. However, except where controlled by specific statutory provision, the Mississippi

2. Section 265 relates to and renders void all conveyances made with intent or purpose to delay, hinder, or defraud creditors. It is the "foundation" section declaring void all acts or transactions infected with actual fraud.

Section 269 provides: "Trusts and confidence.—Hereafter all declarations or creations of trusts or confidence of or in any land shall be made and manifested by writing, signed by the party who declares or creates such trust, or by his last will, in writing, or else they shall be utterly void; and every writing declaring or creating a trust shall be acknowledged or proved as other writings, and shall be lodged with the clerk of the chancery court of the proper county to be recorded, and shall only take effect from the time it is so lodged for record; but where any trust shall arise or result, by implication of law, out of a conveyance of land, such trust or confidence shall be of the like force and effect the same as it would have been if this statute had not been passed."

Section 455 provides: "What necessary to validity of conveyance.—A transfer or conveyance of goods and chattels, or lands, or any lease of lands, between husband and wife, shall not be valid as against any third person, unless the transfer or conveyance be in writing and acknowledged and filed for record as a mortgage or deed of trust is required to be; and possession of the property shall not be equivalent to filing the writing for record, but, to affect third persons, the writing must be filed for record."

jurisprudence holds conveyances between husband and wife valid and invalid for the same reasons as between other persons, Burks v. Moody, 141 Miss. 370, 106 So. 528, 107 So. 279, and the validity of such conveyances (though to be carefully scrutinized on account of the temptation to give an unfair advantage to the wife over other creditors), must be tested by the same principles as a conveyance by a debtor to a stranger, when brought into question as fraudulent against creditors. Kaufman v. Whitney, 50 Miss. 103. Where the proofs do not show fraud, the Court cannot affirm its existence. Hiller v. Ellis, 72 Miss. 701, 18 So. 95, 41 L.R.A. 707; Shoe Co. v. Davie, 75 Miss. 447, 451, 23 So. 188. We think the principles underlying these decisions are applicable here.

We consider first, the effect of Code Section 455, supra, and in connection therewith the application made of it in the decision of Dogan v. Cooley, supra, which is relied upon by appellants to evidence and establish error in the judgment here. We think the facts in the Dogan case are so substantially different from those here involved that the ruling there is not directly in point nor sufficiently analogous to authorize our declaring the conveyance in question here invalid under the provisions of Section 455. We later refer to these factual differences. There can be no basis for the application of Section 455, except to the conveyance by the wife to the husband. This conveyance was in writing and was duly acknowledged and recorded and consequently there is no room for the application of the section, unless it be viewed as affecting the equitable or beneficial interest retained by the grantor-wife, in one view, or upon the agreement of the husband to reconvey, in the other view. However, in neither event, do the circumstances give rise to a conveyance within the meaning of Section 455. The intent and purpose of that statute is to render invalid secret transfers and conveyances by a debtor as against the claims of a creditor, or any other "third person" whose interest might be affected by the unrecorded conveyance. It seeks to prevent a secret transfer from being used as a means of divestment of title. By its very terms and meaning it can not reasonably be said to furnish means or authority for *vesting* or *fixing* title such as must follow from application of the statute as the appellant contends so as to render invalid the oral agreement of the husband to reconvey to the wife. It is not Mrs. Boylan's creditors who are attacking the transaction. In Federal Credit Co. v. Scoggins, 158 Miss. 275, 279, 130 So. 153, 154, the Supreme Court of Mississippi declared: "An examination of the cases in which this court has heretofore dealt with this statute [now Section 455] will disclose that the third persons against whom an unrecorded conveyance between husband and wife is void are such as claim an interest in, or right to, the property conveyed through or against the husband or wife, as the case may be, which claim would be valid in event the conveyance had not been made. Groce v. Phoenix Insurance Co., 94 Miss. 201, 48 So. 298, 22 L.R.A., N.S., 732." In the case quoted from the same argument here presented, that the purpose of the statute was to make absolutely void every unrecorded conveyance whether bona-fide or male-fide, was made, but rejected by the Court. In the Dogan case, supra, the legal title was vested in the husband, and it was the husband's creditor who sought to subject it to his judgment lien. The wife never had legal title. It was conveyed to the husband by the seller. A conveyance had been attempted but it had not been recorded prior to the entry of the judgment lien. It would appear that this is the conveyance referred to by the Court. Not being recorded, it was subject to the attack of invalidity by the husband's creditor under the terms of Section 455. In that case it was necessary that the husband be considered either as having divested himself of legal title as a grantor, or as holding as a trustee, in order for the wife to prevail upon her claim as the owner of the land. The trial chancellor adjudged that the husband held as trustee for the wife. The Supreme Court, though by a closely divided Court, struck down the attempted conveyance and held additionally that the circumstances did not establish a trust "by implication of law." The factual

situation was such that the wife apparently relied upon two grounds: the conveyance, and a trust resulting from the agreement and her payment of the purchase money. As to the latter issue, apparently only the principle of a "trust implied by law" was considered. But if this be not true, and we have overlooked some ruling which implies that the opinion struck down the agreement to reconvey because orally made, the decision, in effect by only two justices, does not clearly spell out the Mississippi law applicable to the facts of the present case.[3] We find no authority which directly invokes the provisions of the section to broaden the right of any creditor of the grantee, in a conveyance properly acknowledged and recorded, to invalidate an established retention of the equitable estate in the grantor. This, technically, constitutes a reservation rather than a grant.

██ Since Section 455 of the Mississippi Code is not applicable here, we proceed to consider the other provision of the Mississippi law relied upon,—the section of the statute of frauds which declares oral trusts to be void. Upon this issue, the question boils down to whether what the law denominates as the "moral obligation" to reconvey furnished consideration sufficient to support the conveyance effectuating the agreement, or whether a conveyance with no other consideration is a "voluntary conveyance", which, when made by an insolvent, is ineffective as against creditors because of the law's requirement that one must be "just before he is generous." This question has frequently been before the Courts. The answer is uniform and clear: A conveyance of property to carry out the terms of an oral trust in land is upon a consideration which the law recognizes, and is valid against creditors of the grantor, unless the facts are such as to give rise to the doctrine of estoppel. The decisions announcing and applying the rule are so uniform, and the question so well settled, that any discussion would be superfluous.

Reference and citation will suffice. A clear statement of the rule, and of facts which illustrate its pertinency here, is found in Ferguson v. Winchester Trust Co., 267 Mass. 397, 166 N.E. 709, 64 A.L.R. 573. The annotations appended, 64 A.L.R. 576, supply citations from numerous jurisdictions. See also Bryant v. Klatt, D.C., 2 F.2d 167 and citations; 37 C.J.S., Fraudulent Conveyances, §§ 25, 170, pp. 872, 988; 24 Am.Jur. Fraudulent Conveyances, Section 23, p. 182. Examination of the authorities discloses that the statutes of some states provide that an oral trust is "unenforceable." Others, as Mississippi's, provide that such a trust shall be "void." The difference in phraseology produces no difference in the application of the rule. As we have observed, there is, in this case, no basis for any estoppel. On the contrary, the effort of the appellants, if successful, would secure for them, under the circumstances here, only a windfall, since it is clear that only because of the conveyance by the wife of the property, which was then in no wise subject to the creditor's claims, and made during the pendency of the litigation, could this asset ever have benefitted the creditors. In argument, we are referred to various tactics of the husband in dealing with the creditors prior to the conveyance and of the husband and wife subsequent to the time of reconveyance in affairs not connected with the real estate in controversy. Our ruling here evidences no approval of these matters, but is confined to the legal and equitable effect of the precise transaction here involved.

The trial judge, a native of, and experienced in, Mississippi jurisprudence, recognized no authority of local law which abrogated or changed the uniform rule obtaining generally which we have stated above, nor have we been cited to, or discovered, any which does so.

The judgment of the trial Court is

Affirmed.

---

**3.** See reference by the annotators to Dogan v. Cooley, supra, under Section 269, Mississippi Code 1942 Annotated.